George TARVESIAN,

v.

CARR DIVISION OF TRW, INC.,
et al.

Civ. A. No. 75–785–T.

United States District Court,
D. Massachusetts.

Jan. 13, 1976.

Robert J. Pleshaw, Boston, Mass., for plaintiff.

Gaston Snow & Ely Bartlett, John D. Hanify, Boston, Mass., for defendants.

## MEMORANDUM

TAURO, District Judge.

Plaintiff, an American of Armenian extraction, brings this class action seeking equitable relief and monetary damages for alleged discrimination in employment on the basis of his national origin, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Specifically, the plaintiff alleges that while employed by defendant Carr Division of TRW, Inc. (Carr Division)[1] he was discriminated against in salary, told he had no future with the company because of his ancestry, and in January of 1971 terminated in favor of a non-Armenian with less work experience. He also alleges that subsequent to his termination employees of Carr Division maliciously gave false and derogatory references concerning him to prospective employers. Plaintiff alleges that these acts constitute a continuing pattern of discrimination by Carr Division in violation of Title VII.

The class plaintiff seeks to represent would, if certified, include all black, Spanish-surnamed, Jewish, female and Armenian persons in the geographical areas from which Carr Division draws its employees who are, have been or desire to be employed by that company.

1. Defendants in this case are: Carr Division of TRW, Inc., a Massachusetts corporation and manufacturer of metal and plastic fasteners, with its principal place of business at 31 Ames Street, Cambridge, Massachusetts; Samuel Haydock, Vice President and General Manager of Carr Division of TRW, Inc.; and David Erb, purchasing agent of Carr Division of TRW, Inc.

The defendants have moved to dismiss, or alternatively for summary judgment. They claim that the plaintiff has failed to file his claims with the Equal Employment Opportunities Commission (E.E.O.C.) within the time limits established by Title VII, thereby losing any right to bring this subsequent civil action. They also claim that plaintiff's allegations fail to state a proper claim for relief. For reasons elaborated herein this court grants partial summary judgment in favor of the defendants as to plaintiff's untimely claims.

## I.

For purposes of this motion, the court accepts, as it must, plaintiff's version of the facts as true.

The plaintiff was employed by Carr Division from February 6, 1966 until his termination on January 15, 1971. During this period plaintiff rose from the position of cost estimator to buyer. While employed in the latter position, however, plaintiff received a salary below the general salary range for his position, and his immediate supervisor warned him that there was no future for an Armenian in a "Yankee outfit." Plaintiff was eventually terminated in favor of an employee who had less work experience. Subsequent to this termination, plaintiff's supervisor—apparently, on at least one occasion, some time in June of 1972—informed prospective employers, erroneously and maliciously, that plaintiff was terminated for refusing a sales position.[2]

On February 7, 1973[3] plaintiff filed a complaint against Carr Division with the E.E.O.C. alleging the discriminatory termination and the malicious references which form the basis for the instant action.

On November 30, 1974 the E.E.O.C. found lack of probable cause and issued plaintiff a notice of his right to sue in federal court within ninety (90) days. The E.E.O.C. findings discussed only plaintiff's allegations concerning the malicious references.[4] On February 28, 1975 the plaintiff filed this action.

## II.

### Timeliness

42 U.S.C. § 2000e–5(e) provides in relevant part:

[I]n a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed [with the EEOC] by or on behalf of the person aggrieved *within three hundred days after the alleged unlawful employment practice occurred,* or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier  .  .  .. (Emphasis supplied.)

This statute establishes that in prosecuting his claim the complainant alleging employment discrimination must proceed from the administrative agency to the federal court within a comfortable, but clearly delineated, time frame. Courts have been strict in holding that, barring special circumstances, the filing of a complaint before the EEOC within three hundred (300) days of the alleged offense

---

**2.** The exact date of these alleged bad references is not specified in plaintiff's complaint. *See* the discussion, *infra* at Part III.

**3.** This is the date submitted by plaintiff in his amended complaint. A copy of E.E.O.C. charges supplied to the court by the defendants, which appear to be those to which plaintiff refers, however, bears the date of November 14, 1972. The difference between the two dates, since both are well beyond the jurisdictional time limits, is not of any significance in the consideration of this motion.

**4.** Plaintiff also filed charges against the defendants with the Massachusetts Commission Against Discrimination (M.C.A.D.) on October 4, 1972. The M.C.A.D., in its report of September 18, 1974, which dismissed plaintiff's complaint, did discuss plaintiff's allegations of bias on the job and discriminatory termination.

is a jurisdictional requirement and a "prerequisite to court action" in cases of alleged employment discrimination. *See, e. g., Olson v. Rembrandt Printing Co.,* 511 F.2d 1228, 1231 (8th Cir. 1975) and cases cited.

Viewed in this statutory context, it is clear that plaintiff's claim that Carr Division violated Title VII by discriminating against him through January 15, 1971, when plaintiff was terminated, is now barred. Plaintiff failed to press this complaint with the E.E.O.C. until some seven hundred (700) days had elapsed from the occurrence of the acts which grounded it.[5] Significantly the E.E.O.C. findings on this matter ignore plaintiff's allegation that he was terminated in a discriminatory manner. It is also clear, however, that the plaintiff's claim concerning Carr Division's allegedly false and malicious references—one of which is purported to have occurred in June 1972—was raised before the E.E.O.C. within the three hundred (300) day limit.

In this situation, then, where there is a mixture of timely and untimely claims, the issue to be decided is whether the facts constitute a continuing pattern of discrimination, commencing more than three hundred (300) days prior to the filing of the complaint with the E.E.O.C., yet progressing uninterruptedly into that time frame. If plaintiff can prove such an integrated pattern of discrimination, the defendants become liable for the whole of it.

When a pattern of continuing discrimination exists, the normal time limits relating to practices actionable under Title VII are suspended. *Pacific Maritime Association v. Quinn,* 491 F.2d 1294 (9th Cir. 1974); *Belt v. Johnson Motor Lines, Inc.,* 458 F.2d 443 (5th Cir. 1972); *Marquez v. Omaha District Sales Office,*

440 F.2d 1157, 1160 (8th Cir. 1971); *Cox v. United States Gypsum,* 409 F.2d 289 (7th Cir. 1969); *Sciaraffa v. Oxford Paper Co.,* 310 F.Supp. 891 (D.Me.1970). *See Developments in the Law—Employment Discrimination and Title VII of the Civil Rights Act of 1964,* 84 Harv.L.Rev. 1109, 1210–1212 (1971).

The charges made in plaintiff's complaint, however, simply do not constitute a "continuing pattern of discrimination" as that term has been developed in the case law. Most of the cases cited by plaintiff in support of his theory involve a lay-off followed by a discriminatory pattern of recall. In these cases there is, in effect, a continuing relationship between plaintiff and defendant, the discriminatory effects of which plaintiff continues to suffer. *See, e. g., Cox v. United States Gypsum Co., supra; Sciaraffa v. Oxford Paper Co., supra.* Although plaintiff in the present case was apparently terminated as part of a general business contraction, he does not allege that he has suffered from any discriminatory recall. In fact, defendants' undisputed affidavits make it clear that the reduction in the employees has been permanent. Carr Division has steadily reduced its total number of employees since plaintiff's termination.

Another case cited by plaintiff, *Bartmess v. Drewrys U.S.A., Inc.,* 444 F.2d 1186 (7th Cir.), *cert. denied,* 404 U.S. 939, 92 S.Ct. 274, 30 L.Ed.2d 252 (1971) involves a discriminatory retirement plan. Plaintiffs in that case, though no longer actively employed by the defendant, actively suffered the effects of the inequitable plan at the time of their suit. Again, the existence of a discriminatory pattern extending without interruption back to time outside the statutory time period was undeniable.

---

5. As indicated by the statutory language quoted in the text, the time limit may also expire thirty (30) days after a comparable state or local agency has completed proceedings in the case, provided that this date is less than three hundred (300) days after the alleged discrimi-

natory action. As noted in footnote four, *supra,* plaintiff did file a complaint with the M.C. A.D. This action however cannot affect the jurisdictional time limits in this case, since the filing before the E.E.O.C. was outside the absolute three hundred (300) day period.

■ In this case no analogous theme unites the alleged discriminatory acts of the defendants into a continuous pattern. The claims growing out of actions taken during plaintiff's employment are stale. The allegation of acts of a totally different nature occurring many months later cannot freshen them. The mere insertion of the word "continuing" into an otherwise unconnected sequence of events does not create a pattern of the kind necessary to suspend the normal time limitations on Title VII actions.

> Some violations are undoubtedly continuing in nature, and not subject to the normal statute of limitations for filing before the EEOC. However, while layoffs followed by failures to rehire, or systems of discrimination against particular groups may be "continuing," isolated and completed acts against a particular individual are not. Once a disparaging remark is made, or a transfer is denied, or a demeaning work assignment is given, it is, without more, a completed and isolated act: such practices do not give the Plaintiff a perpetual right to file charges before the EEOC.

*Loo v. Gerarge,* 374 F.Supp. 1338, 1340 (D.Hawaii 1974) (citations omitted).

As noted in *Olson v. Rembrandt Printing Co., supra,* ". . . to construe loosely 'continuing' discrimination would undermine the theory underlying the statute of limitations." 511 F.2d at 1234.

On these considerations this court grants summary judgment as to all of plaintiff's claims relating to alleged discriminatory action taken by individual or corporate defendants more than three hundred (300) days prior to the filing of plaintiff's suit before the E.E.O.C.

## III.
### Failure to State a Claim

The court's conclusions to this point leave plaintiff with only one claim of injury not definitively foreclosed by the time limitations of Title VII, *i. e.,*

> Plaintiff's supervisor also informed prospective employers that he was terminated for refusing a sales position when the supervisor knew such was not the case.

Plaintiff's Amended Complaint, at 4.

The defendants contend that, as to this allegation, plaintiff has failed to state a proper claim for relief. In making this contention defendants do not argue that an allegation of malicious and erroneous references lack sufficient substance to ground a claim under Title VII.[6] Defendants object to this portion of plaintiff's complaint solely on the ground of lack of specificity in pleading. Plaintiff failed in his complaint to specify the dates on which the alleged bad references were given, or to give any other details about these bad references.

■ At least one court has found that, since timeliness is a jurisdictional requirement for actions under Title VII, the failure to plead a specific date requires dismissal. *Nishiyama v. North American Rockwell Corp.,* 49 F.R.D. 288 (C.D.Cal., 1970). But where there is clear evidence that the claim is timely, the better practice, in this court's opinion, and one which accords more with the broad purposes of the Civil Rights Act, is to allow amendment of the complaint. *See Foye v. United A. G. Stores Cooperative,* 336 F.Supp. 82 (D.Neb. 1972).

The E.E.O.C. report on this case indicates that there was a communication

---

**6.** The court has been unable to find any case which suggests that giving bad references—even erroneously, maliciously and on the grounds of bias—constitutes discrimination "with respect to [an employee's] compensation, terms, conditions, or privileges of employment . . . ." 42 U.S.C. § 2000e–2(a)(1). Nor do the guidelines issued by the E.E.O.C. to govern claims of bias of this sort mention complaints of discriminatory references or any closely analogous complaint. *See* 29 C.F.R. § 1600 *et seq.* Despite this, and especially in view of the fact that defendants have not raised the issue, this court is not prepared to say as a matter of law that bad references could not violate Title VII.

between the defendants and a prospective employer of plaintiff on June 2, 1972, a date within the three-hundred (300) day limitation. The affidavit of defendant David Erb, purchasing agent for Carr Division, concedes that this communication did occur, while denying any misinformation, malice or harmful effect.[7]

In these circumstances the court feels that it would be hypertechnical to dismiss plaintiff's complaint for lack of specificity. This court will deny defendants' motion to dismiss for failure to state a claim on the condition that, within twenty-one (21) days, plaintiff submit an amended complaint properly alleging the specific date or dates upon which defendant is alleged to have given false references to plaintiff's prospective employers. The date or dates alleged must place defendants' action within the jurisdictional time limitations established by 42 U.S.C. § 2000e–5(e). If, after twenty-one (21) days, no amended complaint has been filed, plaintiff's complaint will be dismissed.

## IV.

### Class Action

Because of the special facts of this case, and the limited and novel quality of plaintiff's complaint, this court will not permit plaintiff to bring this suit as a class action. Plaintiff's claim is not typical of the claims of the class he seeks to represent. *See* Fed.R.Civ.P. 23(a)(3).

## V.

### Non-Corporate Defendants

Defendants have moved to dismiss this action insofar as it alleges mis-

conduct by the two individual defendants, Haydock and Erb. They claim that Title VII is intended to reach only the actions of an "employer," as defined by 42 U.S.C. § 2000e(b). But this section clearly states:

> The term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, *and any agent* of such a person . . . . (Emphasis supplied).

Individual agents of employers have been held liable in Title VII actions. *Hutchinson v. Lake Oswego School District*, 374 F.Supp. 1056 (D.Ore.1974). As Vice President and Purchasing Agent for the employer Carr Division, the two individual defendants were clearly agents of an employer for purposes of Title VII. They remain liable, therefore, for discriminatory acts committed by them against plaintiff within three hundred (300) days prior to the filing of plaintiff's complaint with the E.E.O.C.

## VI.

Partial summary judgment is granted in favor of the defendants. Defendants' motion to dismiss for failure to state a claim is denied, upon condition that plaintiff submit an amended complaint within twenty-one (21) days. The class action portions of plaintiff's complaint are dismissed. An order will issue in accordance with this opinion.

---

**7.** Plaintiff has also attached to his memorandum a copy of his complaint before the M.C. A.D. which locates the date of the alleged bad reference as June of 1972 and specifies the person to whom it was given.