538 F.2d 226
 13 Fair Empl.Prac.Cas. 131,
12 Empl. Prac. Dec. P 11,082
Glenn L. SMITH, Appellant,
v.
OFFICE OF ECONOMIC OPPORTUNITY FOR the STATE OF ARKANSAS and
Robert L. Whitfield, Director, Appellees.
 No. 76-1027.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 23, 1976.
Decided July 21, 1976.
 
 Bobby Odom, Fayetteville, Ark., filed brief, for appellant.
 Jim Guy Tucker, Atty. Gen., and Lonnie A. Powers, Deputy Atty. Gen., Little Rock, Ark., filed brief, for appellees.
 Before HEANEY, ROSS and WEBSTER, Circuit Judges.
 HEANEY, Circuit Judge.
 
 
 1
 Glenn L. Smith appeals from a grant of summary judgment in favor of the appellees, resulting in the dismissal of his complaint alleging employment discrimination on the basis of race in violation of 42 U.S.C. § 2000e, et seq. The District Court found that the appellant had failed to file a timely discrimination charge with the Equal Employment Opportunity Commission (EEOC), and that the timely filing of such a charge was a jurisdictional prerequisite to the maintenance of this lawsuit. We affirm.
 
 
 2
 The appellant is a white male who has previously served as a Field Service Officer for the Arkansas Office of Economic Opportunity (OEO). Appellee Whitfield, a black, is the Director of the Arkansas OEO.
 
 
 3
 In mid-September, 1972, the appellant submitted an application for a position with the OEO which had recently been vacated by one Major McCoy, a black. On October 27, 1972, the OEO Advisory Panel met to consider applications. Smith appeared at the office on that date; however, he was not interviewed by the panel, Whitfield refused to see him and the panel did not consider his application. Although it is not clear what transpired at that meeting, the District Court stated: "It is further admitted by all parties that the decision not to employ the (appellant) in this position occurred on October 27, 1972." The appellant does not dispute that statement.
 
 
 4
 The position was not thereafter filled and presently remains open. In an affidavit, Whitfield gave the following explanation for not filling the position:
 
 
 5
 Since October 27th, 1972, there has not been an attempt made to fill this position. Shortly after October of 1972, our funding situation became very uncertain, and we did not know how long OEO would be continued in existence. After that, then Governor Bumpers imposed a hiring freeze. This freeze was lifted for a short time; and I had, in December of (1974), under active consideration the possibility of filling this position. I, through my attorney, notified Mr. Smith that we were considering filling this position and that he was invited to apply for the position. The position was never formally advertised to be filled at that time, and we did not receive any applications. Shortly thereafter, Governor Pryor reimposed a hiring freeze; and this position has not been filled for that reason.
 
 
 6
 In a counter-affidavit, the appellant averred that the job remained open due to discrimination rather than uncertain funding. The averments were not shown to be made on the basis of personal knowledge. See Federal Rule of Civil Procedure 56(e).
 
 
 7
 On April 24, 1973, Smith filed a complaint in the District Court alleging unlawful employment discrimination on the basis of race in violation of 42 U.S.C. § 2000e, et seq. On July 18, 1973, the appellees moved to dismiss the complaint for failure to file a timely charge with the EEOC. Thereafter, on August 24, 1973, the appellant filed a discrimination charge with the EEOC. Finally, on November 20, 1975, the court granted the appellees' motion for summary judgment, finding that the appellant had not, as required, filed a charge with the EEOC within 180 days of the alleged discriminatory acts. Accordingly, the complaint was dismissed.
 
 
 8
 The timely filing of a charge of discrimination with the EEOC is a jurisdictional prerequisite to court action under Title VII. Greene v. Carter Carburetor Co., 532 F.2d 125, 126 (8th Cir.1976); Olson v. Rembrandt Printing Co., 511 F.2d 1228, 1231 (8th Cir.1975) (en banc). Under 42 U.S.C. § 2000e-5(e), Smith was required to file charges with the EEOC within 180 days after the occurrence of the allegedly unlawful employment practice.
 
 
 9
 The District Court found that the wrong complained of, a discriminatory refusal to hire, occurred on October 27, 1972, more than 180 days prior to the filing of administrative charges on August 24, 1973. The appellant concedes that the wrong first occurred on that date, but argues that it was a continuing one, the effects of which were felt within the 180-day period, and that the charges filed with the EEOC was thus timely.
 
 
 10
 This Court has recognized that circumstances may warrant a finding that past discrimination is continuing so as to indefinitely extend the time for filing charges with the EEOC. See Olson v. Rembrandt Printing Co., supra at 1233-1234; Richard v. McDonnell Douglas Corporation, 469 F.2d 1249, 1252-1253 (8th Cir.1972). As the Court stated in Olson at 1234:
 
 
 11
 The rationale underlying the allowance of actions for continuing discrimination is to provide a remedy for post actions which operate to discriminate against the complainant at the present time.
 
 
 12
 It has been cautioned, however, that to loosely construe continuing discrimination would undermine the theory underlying the statute of limitations embodied in 42 U.S.C. § 2000e-5(e). See Olson v. Rembrandt Printing Co., supra; Richard v. McDonnell Douglas Corporation, supra.
 
 
 13
 Ordinarily an alleged discriminatory refusal to hire, standing alone, does not constitute a continuing wrong. Molybdenum Corp. of Am. v. Equal Employment Op. Com'n, 457 F.2d 935, 936 (10th Cir.1972) (per curiam); Kohn v. Royall, Koegel & Wells, 59 F.R.D. 515, 518 (S.D.N.Y.1973). See Olson v. Rembrandt Printing Co., supra. Where, however, the suit challenges an ongoing pattern and practice of discrimination rather than one isolated instance, the alleged violation may be deemed continuing. See Kohn v. Royall, Koegel & Wells, supra at 518; Watson v. Limbach Company, 333 F.Supp. 754, 765 (S.D.Ohio 1971).
 
 
 14
 In our judgment, the District Court fairly construed the appellant's complaint and amended complaint to allege only an isolated act of discrimination directed at himself rather than an ongoing discriminatory system. Moreover, the effects of the alleged discrimination were felt by the appellant when he was denied employment and they terminated at that date. To predicate a finding of continuing discrimination on these facts would do violence to the policies underlying the limitations provisions of Title VII.[1]
 
 
 15
 The judgment is affirmed.
 
 
 
 [1]
 The appellant argued in the District Court that the discrimination should be deemed continuing because the position remained unfilled, relying on Gates v. Georgia-Pacific Corporation, 492 F.2d (9th Cir.1974). Gates is inapposite here. In Gates, the date of discrimination was viewed as the date the position was filled because that was the first time the complainant was informed that she would not be hired. That was not the case here. Further, Whitfield's affidavit can be construed to say that the position became unavailable after October, 1972, due to financial considerations. The appellant's contrary assertions in his affidavit are too conclusory to create a genuine issue of fact. Federal Rule of Civil Procedure 56(e)