**Kenil K. GOSS, Plaintiff-Appellant,**

**v.**

**REVLON, INC. and its wholly owned subsidiary, USV Pharmaceutical Corporation, Defendants-Appellees.**

**Nos. 20, 21, Dockets 76–7015, 76–7065.**

United States Court of Appeals, Second Circuit.

Argued Oct. 7, 1976.

Decided Oct. 29, 1976.

Kenil K. Goss, pro se.

David Greene, New York City (Martin C. Greene, Aberman & Greene, New York City, of counsel), for defendants-appellees.

Before KAUFMAN, Chief Judge, and MANSFIELD and MESKILL, Circuit Judges.

PER CURIAM:

This is a *pro se* action seeking reinstatement and damages for alleged employment discrimination. Appellant Kenil Goss was employed by USV Pharmaceutical Corporation, a wholly owned subsidiary of Revlon, until March 7, 1972, when he was dismissed. He filed charges with the Equal Employment Opportunity Commission ("EEOC") on March 20, 1973, more than six months after the expiration of the 180 day period of limitations provided for by statute. 42 U.S.C. § 2000e–5(e). The claim was thus dismissed as untimely. Disappointed with the administrative process, appellant began an action in the United States District Court for the Southern District of New York in December, 1973, seeking relief under Title VII of The Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The failure to file timely charges with the EEOC was, of course, a jurisdictional bar to this proceeding as well. *Weise v. Syracuse University,* 522 F.2d 397, 411–12 (2d Cir. 1975).

Appellant sought leave to amend his complaint, in accordance with Fed.R.Civ.P. 15(a), on three occasions, the last time on September 18, 1974. On September 22, 1975, without receiving permission from the court, he proceeded to file an amended complaint. In it, he alleged myriad new causes of action, under 42 U.S.C. §§ 1981, 1983, 29 U.S.C. § 621 and the Thirteenth Amendment; in addition, he moved for class action status.[1] The appellees, citing the jurisdictional bar and claiming that Goss failed to state a cause of action, submitted a cross-motion requesting dismissal of the original complaint, which Judge Owen granted by

---

1. Since appellant sought to plead new facts as well as new theories of law, the complaint was properly "supplemental" as well as "amended."

memo endorsement. Appellant subsequently let loose a barrage of post-trial motions, all of them meritless. Because the record does not indicate that the district court ruled on the motion for leave to amend, we must examine appellant's amended complaint to determine if it properly states a claim for relief. We will discuss only the § 1981 claim inasmuch as we find Goss' other claims in the amended complaint to be without merit.

42 U.S.C. § 1981 provides a related remedy to Title VII for private discrimination in employment. *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 459–60, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). Although parallel to Title VII, and directed in part at the same illegal practices, § 1981 was not preempted by Title VII, but continues in full force and effect. *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 47–49, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). Moreover, the failure of a claimant to properly pursue his administrative remedies before the EEOC and the appropriate state agency, as happened here, does not preclude him from instituting an action under § 1981. *See Macklin v. Spector Freight Systems,* 478 F.2d 979, 996–97 (D.C.Cir. 1973). Thus, appellant's failure to meet the jurisdictional requirements of Title VII does not preclude his cause of action under § 1981.

At the outset, we note that inasmuch as the claim under 42 U.S.C. § 1981 arises out of the same "transaction or occurrence" set forth in the original complaint, it would relate back, for purposes of the statute of limitations, under Fed.R. Civ.P. 15(c). Since the original complaint was filed within the applicable three-year statute of limitations, *Thomas Kaiser v. Cahn,* 510 F.2d 282, 284 (2d Cir. 1974), the § 1981 claim would itself be timely. Therefore, if the amended complaint was allowed, it would state a timely § 1981 cause of action.

It may be that Judge Owen in granting the cross-motion to dismiss intended, *sub silentio,* to deny Goss' motion for leave to amend.[2] While Rule 15(a) commands that such leave is to be freely given, denial of leave to amend in this case would not be an abuse of discretion. The appellant, in seeking to add myriad new claims, advances no reason for his extended and undue delay, other than ignorance of the law; such a failure has been held an insufficient basis for leave to amend. *Troxel Mfg. Co. v. Schwinn Bicycle Co.,* 489 F.2d 968, 971 (6th Cir. 1973), *cert. denied,* 416 U.S. 939, 94 S.Ct. 1942, 40 L.Ed.2d 290 (1974); J. Moore, 3 Moore's Federal Practice ¶ 15.08[4] at 897–900 (1974). Thus, in *Head v. Timken Roller Bearing Co.,* 486 F.2d 870 (6th Cir. 1973), plaintiffs, who had brought a *timely* action under Title VII were denied leave to amend to add a cause of action under 42 U.S.C. § 1981. They sought leave on the grounds that they had become aware of the possibilities of § 1981 only after filing the complaint. The Court of Appeals upheld the denial of leave as an entirely proper exercise of discretion. *Id.* at 874–75.

We remand to the district court for a determination of appellant's motion for leave to amend and, if granted, for further proceedings in accordance with this opinion. As to appellant's other arguments, we affirm the judgment of dismissal.

2. Appellees' moving papers which Judge Owen endorsed asked only that Goss' complaint be dismissed. However, in their memorandum of law in support of the cross-motion, they also conclude that the motion for leave to amend should be denied.