Herphew **CARTER**, Plaintiff,

v.

**DELTA AIR LINES, INC.,** and **Harry Thrasher,** Defendants.

No. 76 Civ. 1815.

United States District Court,
S. D. New York.

Dec. 7, 1977.

Bronx Legal Services Corp. "C", New York City, for plaintiff; Charles J. Tuohy, New York City, of counsel.

Gilbert, Segall & Young, New York City, for defendants; Howard Ives, New York City, of counsel.

## OPINION

FRANKEL, District Judge.

This is an action for employment discrimination on the basis of race. Plaintiff, formerly a customer service agent at John F. Kennedy Airport for Delta Air Lines, Inc. ("Delta"), was discharged on or about June 30, 1974, for failing to report to work without contacting his employer. He seems to concede that he violated Delta's "no show" rule, but contends that because he is black, he was denied a six-month period of probation and a pre-termination hearing, both of which he alleges the airline customarily affords to white employees who violate a company work rule or policy. Plaintiff seeks reinstatement with back pay and an injunction against further discrimination by the airline.

The question now before the court, posed by a motion to dismiss and a cross-motion to amend the complaint, is whether the suit is timely. In the particular circumstances outlined below, the court finds that plaintiff's claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5, is barred, but that the action may proceed under 42 U.S.C. § 1981.

### I.

The procedural history of the case is for present purposes of central importance. On June 10, 1975, plaintiff filed an employment discrimination complaint against Delta and Harry Thrasher, his immediate supervisor, with the New York State Division of Human Rights. After a hearing, the Division found on September 2, 1975, that plaintiff had been terminated for failing to report to work on three consecutive days in June, 1974, and that "no employee (white or black) was retained who had a 'no-show' episode involving more than two days absence." The agency concluded that there was "no probable cause" to support the complaint.

On November 23, 1975, plaintiff filed an employment discrimination charge against Delta with the New York district office of the Equal Employment Opportunity Commission ("EEOC"). The Commission issued its Determination on January 30, 1976, finding that "the timeliness, deferral and all other jurisdictional requirements" had been satisfied, but there was not "reasonable cause" to believe the charge was true. Accompanying the Determination was the customary notice to plaintiff of his right to sue in federal district court within 90 days.

On April 21, 1976, plaintiff filed a *pro se* employment discrimination complaint in this court on the Title VII complaint form furnished by the clerk. In the place provided by the form plaintiff checked off "termination of my employment" as the "ac[t] * * * [of] discriminatory concern." He amplified his charges, however, in a handwritten addendum, explaining that he was first told he "would probably get a six month probationary period [s]uch as other white employees always receive before getting terminated"; then told he was suspended; and finally, two days later, was informed of his discharge. Plaintiff specifically alleged that the probation period "is suppose[d] to be one of Delta Air Lines' policies that I was not afforded," and named three white employees who had allegedly been granted probation as well as another black employee who had allegedly been denied it.

On July 13, 1977, defendants moved to dismiss for lack of jurisdiction, on the ground that plaintiff had failed to file charges with the EEOC within the time prescribed by § 706(e) of Title VII, as amended, 42 U.S.C. § 2000e–5(e). Plaintiff, now represented by a legal services organization, cross-moved to amend. For reasons described below, he urges that the Title VII claim is timely. If it is found to be barred, however, plaintiff asks leave to add a new claim of discrimination on the basis of race in violation of 42 U.S.C. § 1981.* Plaintiff in effect concedes that the claim sought to be amended is time-barred as of the motion date, but argues that it is timely because it

---

* The proposed amendment also cites 42 U.S.C. § 1982, which seems inapposite and unneces-  sary. The reference is not important, however, one way or the other, for the time being.

relates back under F.R.Civ.P. 15(c) to the date the complaint was filed.

## II.

■ In accordance with the Congressional preference for administrative conciliation as a method for achieving the objectives of Title VII, see *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 44, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974), an individual cannot institute a private action in federal district court to vindicate an alleged violation of his Title VII rights until the EEOC has had an opportunity to attempt a nonjudicial settlement of his grievance. The statutory prerequisites for a private lawsuit are timely filing of a discrimination charge with the Commission and receipt of the Commission's notice of right to sue. *Alexander v. Gardner-Denver Co., supra,* 415 U.S. at 47, 94 S.Ct. 1011; *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 798, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Section 706(e) of the 1964 Act, as amended, 42 U.S.C. § 2000e–5(e), requires that the charge be filed "within one hundred and eighty days after the alleged unlawful employment practice occurred." Where, as here, the charge is one which must first be submitted to a state or local agency, the time to file with the Commission is extended to 300 days, or 30 days after receipt of notice of termination of the state or local proceedings, whichever is earlier.

■ Plaintiff's EEOC charge, filed in November, 1975, and alleging acts of discrimination in June, 1974, exceeded the 300-day limitation period by over six months. Plaintiff asserts, however, that because he is complaining of "continuing" discrimination—i. e., a "pattern or practice" of discriminatory denial to black employees of pretermination hearings and probationary periods customarily granted to whites, which, "on information and belief," continues to the present time—the statutory time limitation does not apply. The court does not agree.

The Courts of Appeals are divided on the question whether the requirement of timely filing of EEOC charges should be characterized as a "jurisdictional" prerequisite to a subsequent Title VII lawsuit or merely as a statute of limitations. Compare *Smith v. Office of Economic Opportunity,* 538 F.2d 226 (8th Cir. 1976); *Macklin v. Spector Freight Systems, Inc.,* 156 U.S.App.D.C. 69, 478 F.2d 979 (1973); *Choate v. Caterpillar Tractor Co.,* 402 F.2d 357 (7th Cir. 1968), with *Reeb v. Economic Opportunity Atlanta, Inc.,* 516 F.2d 924 (5th Cir. 1975). The question is still unanswered in this Circuit. *Egelston v. State University College at Geneseo,* 535 F.2d 752, 755 n.5 (2d Cir. 1976); *Gautam v. First National City Bank,* 425 F.Supp. 579, 584 (S.D.N.Y.1976). Whatever may be the proper resolution of that issue, it is widely agreed that noncompliance with the statutory time requirements will not bar a court action if the discriminatory conduct alleged constitutes a "continuing" violation of Title VII. See, e. g., *Egelston v. State University College at Geneseo, supra; Rich v. Martin Marietta Corp.,* 522 F.2d 333 (10th Cir. 1975); *Gates v. Georgia-Pacific Corp.,* 492 F.2d 292 (9th Cir. 1974); *Macklin v. Spector Freight Systems, Inc., supra; Belt v. Johnson Motor Lines, Inc.,* 458 F.2d 443 (5th Cir. 1972); *Cox v. United States Gypsum Co.,* 409 F.2d 289 (7th Cir. 1969). While this applies a conception familiar in other contexts, it serves by reasonably generous constructions to further the broad remedial purposes of a legislative scheme in which unassisted laymen frequently initiate the process, see *Love v. Pullman Co.,* 404 U.S. 522, 527, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972), without compromising the objectives of barring stale claims and requiring the EEOC to investigate only "fresh" discriminatory acts, *Cisson v. Lockheed-Georgia Co.,* 392 F.Supp. 1176 (N.D. Ga.1975); *Kohn v. Royall, Koegel & Wells,* 59 F.R.D. 515 (S.D.N.Y.1973), appeal dismissed, 496 F.2d 1094 (2d Cir. 1974). Cf. *Weise v. Syracuse University,* 522 F.2d 397 (2d Cir. 1975); *Voutsis v. Union Carbide Corp.,* 452 F.2d 889 (2d Cir. 1971), cert. denied, 406 U.S. 918, 92 S.Ct. 1768, 32 L.Ed.2d 117 (1972).

■ If the statutory time limitations are to have any significance, however, a conclu-

sory allegation of "continuing" discrimination cannot suffice to excuse untimely filing of an EEOC charge. *Moore v. Sunbeam Corp.*, 459 F.2d 811 (7th Cir. 1972). Like a discriminatory refusal to hire, see *Smith v. Office of Economic Opportunity, supra; Molybdenum Corp. of America v. EEOC,* 457 F.2d 935 (10th Cir. 1972); *Gautam v. First National City Bank, supra,* a discriminatory termination of employment, without more, is a discrete and completed unlawful act. *Olson v. Rembrandt Printing Co.,* 511 F.2d 1228 (8th Cir. 1975); *Terry v. Bridgeport Brass Co.,* 519 F.2d 806 (7th Cir. 1975); *Tervesian v. Carr Div. of TRW, Inc.,* 407 F.Supp. 336 (D.Mass.1976); *Davidson v. Tapley,* 10 E.P.D. ¶ 10,485 (S.D.N.Y.1975); *Tuck v. McGraw-Hill, Inc.,* 9 FEP Cas. 94 (S.D.N.Y.1974). Consequently, "the date of discharge * * * is the controlling date under the statute, and a charge of employment discrimination must be timely filed in relation to the date." *Olson v. Rembrandt Printing Co., supra,* 511 F.2d at 1234. This is true even if a complainant continues to suffer the effects of the discriminatory conduct: "the emphasis should not be placed on mere continuity; the critical question is whether any present *violation* exists." *United Air Lines, Inc. v. Evans,* 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977) (emphasis by the Court); see also *Collins v. United Air Lines, Inc.,* 514 F.2d 594 (9th Cir. 1975); *Griffin v. Pacific Maritime Assn.,* 478 F.2d 1118 (9th Cir.), cert. denied, 414 U.S. 859, 49 S.Ct. 69, 38 L.Ed.2d 109 (1973).

Plaintiff's allegations of discriminatory acts directed at other present or former Delta employees, and of discriminatory practices by the airline continuing after the date of his discharge, do not serve to transform his stale claim of discriminatory termination of employment into an actionable claim of "continuing" discrimination. Plaintiff does not seek to assert the grievances of a class injured by the alleged ongoing discriminatory pattern or practice, cf. *Kohn v. Royall, Koegel & Wells, supra.* Nor are his circumstances properly analogized to cases involving allegations of continuing injury due to persistent discrimina-

tory conduct in the context of ongoing employment relationships, e. g., discriminatory layoffs and failure to recall, cf. *Cox v. United States Gypsum Co., supra; Macklin v. Spector Freight Systems, Inc., supra,* or refusals to promote, cf. *Rich v. Martin Marietta Corp., supra.* Similarly, plaintiff's contentions are clearly distinguishable from those in *Egelston v. State University College at Geneseo, supra,* where a claim of discriminatory refusal to renew a contract, coupled with assertions of related discriminatory acts occurring within the statutory period and throughout the period of employment, were found to constitute a complaint of "continuing" discrimination sufficient to excuse plaintiff's failure to file an EEOC charge within the applicable period after she learned that her contract would be permitted to expire.

■ In sum, accepting all of plaintiff's contentions as true, they do not constitute in any relevant sense a claim of "continuing" discrimination against *him.* The fact that the Commission accepted his charge as timely does not compel a different conclusion; this finding, while persuasive, is not binding on the court. *Weise v. Syracuse University, supra; Macklin v. Spector Freight Systems, Inc., supra; Gautam v. First National City Bank, supra.* Due to his delay in filing a charge with the EEOC, plaintiff's Title VII claim is barred.

### III.

■ Plaintiff will be permitted, however, to pursue his action under 42 U.S.C. § 1981. Leave to amend a complaint must be "freely given when justice so requires," F.R.Civ.P. 15(a); see *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Plaintiff commenced this action, unassisted by counsel, to remedy an alleged violation of his rights under federal law to be free from invidious discrimination in employment on the basis of race. The legal theory selected for him on the complaint form was a claim of discrimination in violation of Title VII. It is settled, however, that the wrong he alleges is independently actiona-

ble under § 1981, *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 459–61, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), and that a § 1981 action is not precluded by failure properly to pursue administrative remedies before the EEOC, *Goss v. Revlon, Inc.,* 548 F.2d 405, 407 (2d Cir. 1976); *Macklin v. Spector Freight Systems, Inc., supra,* 156 U.S.App.D.C. 86–87, 478 F.2d at 996–97. The amendment to invoke § 1981 (assuming the change is needed at all) has not been unduly delayed, and will result in no unfair surprise or prejudice to defendants. There is no reason why plaintiff should be confined to his initial theory simply because the court's own printed form does not cite all the sections of Title 42 he might have invoked had he been more knowledgeable of the contents of the volume.

■ Thus amended, plaintiff's complaint is timely. This Circuit has consistently held that the three-year statute of limitations set forth in N.Y. CPLR § 214(2) governs § 1981 cases brought in New York. See *Cates v. Trans World Airlines, Inc.,* 561 F.2d 1064, 1067 n.4 (2d Cir. 1977), and cases cited therein. Plaintiff's motion to amend was filed on August 30, 1977, over three years from the alleged act of discrimination in June, 1974. However, since the § 1981 claim arises out of the "conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading," the amendment relates back to April 21, 1976, the date of the original complaint, under F.R.Civ.P. 15(c).

Defendants resist this routine application of Rule 15(c) on two grounds. The first— that the language of the Rule must be ignored because the § 1981 claim states a new "cause of action"—barely warrants comment. It is surely clear by now that "[t]he Federal Rules have broadened the meaning of the concept of 'cause of action,' shifting the emphasis from a theory of law as to the cause of action, to the specified conduct of the defendant upon which the plaintiff relies to enforce his claim." 3 Moore's Federal Practice ¶ 15.15[3] (2d ed. 1974). Plaintiff's § 1981 claim is based on precisely the conduct alleged in the original

pleading, and changes only the legal theory of the action. Cf. *Tiller v. Atlantic Coast Line R. R.,* 323 U.S. 574, 65 S.Ct. 421, 89 L.Ed. 465 (1945); *Zagurski v. American Tobacco Co.,* 44 F.R.D. 440 (D.Conn.1967).

Alternatively, defendants contend that the amendment is barred by the rule of *Johnson v. Railway Express Agency, Inc., supra.* Even if plaintiff had filed a timely EEOC charge, they argue, under *Johnson,* this would not have tolled the statute of limitations on the independent § 1981 claim; hence, the filing of a complaint alleging grievances previously set forth in an untimely EEOC charge may not do so. Defendants point out that at least one federal court has found, in part on analogy to *Johnson,* that an amended claim under the Civil Rights Act of 1871 may not relate back to a complaint alleging a Title VII violation arising from the same facts. *Harris v. Pennsylvania,* 419 F.Supp. 10 (M.D.Pa.1976).

Respectfully disagreeing with the cited decision, this court discerns nothing in *Johnson* to suggest a unique and unaccountable exception to the plain language of Rule 15(c). *Johnson* had nothing whatever to do with Rule 15(c) or with the problem of relating an amendment back to the time of filing a complaint *in court.* Confronting a wholly different question, the Supreme Court had no occasion to consider or mention Rule 15(c) at all. There is, this court concludes, no basis for reading the decision as having any impact whatever on the Rule and the familiar learning construing it. Plaintiff in *Johnson,* having filed a timely EEOC charge, did not commence *any* court action within the pertinent limitations periods. The Supreme Court did note that the filing of administrative Title VII charges may not furnish notice sufficient to afford the charged party with the protection against loss of evidence, fading memories, disappearing witnesses, and unfair surprise that statutes of limitations are designed to provide. 421 U.S. at 467–68 n.14, 95 S.Ct. 1716. The very premise of Rule 15(c), however, is that a party who is notified of the commencement of federal court litigation concerning a given transaction or occur-

rence is afforded such protection, and therefore may not complain if the relief sought or the laws relied on in the course of the proceedings are not "confined to their first statement." *Barthel v. Stamm*, 145 F.2d 487, 491 (5th Cir.), cert. denied, 324 U.S. 878, 65 S.Ct. 1026, 89 L.Ed. 1430 (1944); see also *Tiller v. Atlantic Coast Line R.R., supra; Williams v. United States*, 405 F.2d 234 (5th Cir. 1968); *Green v. Wolf Corp.*, 50 F.R.D. 220 (S.D.N.Y.1970); 3 Moore's Federal Practice, *supra*, ¶ 15.15[2]. Defendants here received ample notice in plaintiff's initial pleading of the alleged discriminatory conduct for which he seeks judicial relief.

Since the decision in *Johnson*, the Court of Appeals for this Circuit has recognized that a claim under 42 U.S.C. § 1981 may relate back to the date of a complaint setting forth a Title VII claim based on the same facts, even if the latter was untimely due to delay in filing the administrative charge. *Goss v. Revlon, Inc., supra*, 548 F.2d at 407. There is no reason to depart from that rule in this case.

For the reasons stated, defendants' motion to dismiss the claim under 42 U.S.C. § 2000e–5 and plaintiff's motion to amend to state a claim under 42 U.S.C. § 1981 are granted. The case will proceed under the complaint as thus amended.

So ordered.