Robert E. THORSON, in person and for all persons similarly situated, Plaintiff,

v.

The CITY OF OMAHA, a Municipal Corporation, et al., Defendants.

Civ. No. 76–0–422.

United States District Court, D. Nebraska.

Jan. 20, 1978.

Arthur D. O'Leary and Jeffrey L. Stoehr, Omaha, Neb., for plaintiff.

James E. Fellows, Deputy City Atty., Omaha, Neb., for defendants.

## MEMORANDUM OPINION

SCHATZ, District Judge.

This matter has been submitted to the Court for determination upon a stipulation of facts and the briefs of the parties and amicus.

Plaintiff's complaint, which was originally filed in the District Court of Douglas County, Nebraska, alleges unlawful racial and sexual discrimination in the referral of qualified applicants for positions with the Omaha Police Department, in violation of Title VII of the Civil Rights Act of 1964 (42

---

U.S.C. §§ 2000e, *et seq.*), the Nebraska Fair Employment Practice Act (Neb.Rev.Stat. §§ 48–1101, *et seq.*) and the Omaha Municipal Code. Defendants removed the action to this Court pursuant to 28 U.S.C. § 1443, alleging federal question jurisdiction under the provisions of 28 U.S.C. § 1343.

Plaintiff has alleged that he is a white male applicant for a position with the Omaha Police Department who was passed over by the City Personnel Director in compiling a list of qualified persons to be referred to the Police Department to fill existing vacancies. Plaintiff further alleges that minority and female applicants with substantially lower test scores than plaintiff were referred to fill these vacancies pursuant to the City's affirmative action program. This, plaintiff contends, constitutes unlawful discrimination.

As indicated, defendant removed this action from state court. In the removal petition defendant alleges that plaintiff's claim arises under the Fourteenth Amendment and Title VII of the Civil Rights Act of 1964, giving this Court subject matter jurisdiction by virtue of 28 U.S.C. § 1343. However, a careful review of plaintiff's petition in light of the requirement of Rule 8(a)(1) of the Federal Rules of Civil Procedure that the complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, indicates that the only federal claim identified in plaintiff's complaint is that pursuant to Title VII of the Civil Rights Act of 1964. Nowhere is the Fourteenth Amendment or any other federal question jurisdiction alleged. Nor is there diversity of the parties. Therefore, the jurisdiction of this Court must depend upon the satisfaction of the requirements for pleading a cause of action pursuant to Title VII as codified at 42 U.S.C. § 2000e–5.

The Eighth Circuit Court of Appeals has consistently held that the timely filing of a charge of discrimination with the Equal Employment Opportunity Commission is a prerequisite to any court action under Title VII. *See Olson v. Rembrandt Printing Co.,* 511 F.2d 1228, 1231 (8th Cir. 1975); *Greene v. Carter Carburator Company,* 532 F.2d 125, 126 (8th Cir. 1976); *Smith v. Office of Economic Opportunity for the State of Arkansas,* 538 F.2d 226, 228 (8th Cir. 1976). The supplemental stipulation (Filing No. 10) submitted by the parties at the Court's request, indicates that "prior to the filing of the original action on November 4, 1976, and thereafter, the plaintiff did not file a complaint with any federal, state or local agency setting forth the matters raised in this complaint." This Court must, therefore, find that plaintiff has failed to exhaust his administrative remedies and that jurisdiction is lacking under Title VII. Accordingly, plaintiff's federal cause of action will be dismissed for failure to state a claim upon which relief can be granted.

In view of the foregoing disposition of plaintiff's federal claim, the Court abstains from determining plaintiff's claims of discrimination in violation of state and local law. Rather, the matter will be remanded to state court for consideration of the claims charging violation of the Nebraska Fair Employment Practice Act and the Omaha Municipal Code.