Stanford L. BURRIS, Plaintiff,

v.

WRIGHT CONSTRUCTION COMPANY,
a Delaware Corporation, Defendant.

Civ. A. No. 78–74.

United States District Court,
D. Delaware.

Sept. 25, 1978.

George E. Evans, Wilmington, Del., for plaintiff.

Jay H. Conner of Conner, Daley, Erisman & VanOgtrop, Wilmington, Del., for defendant.

## MEMORANDUM OPINION

LATCHUM, Chief Judge.

This case is before the Court on defendant's motion for summary judgment based on the contention that the claims asserted in the complaint are time barred. The complaint seeks to redress alleged deprivations of plaintiff's individual civil rights to equal employment opportunities pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") and 42 U.S.C. § 1981. Jurisdiction is alleged to exist by virtue of 28 U.S.C. § 1331(a) and § 1343(4).

## I. *The Title VII Claim*

The plaintiff is a black United States citizen and a resident of Delaware who was temporarily or casually employed in October 1972 by the defendant. (Docket Item 1, pars. 1, 2 & 5). The defendant is an employer within the jurisdiction and meaning of 42 U.S.C. § 2000e(b).

The complaint further alleges in pertinent part:

1. That the plaintiff was employed by the defendant between October 1972 and December 1972; that he attained seniority status in December 1972 and was laid off that month from employment according to a seniority system established between the defendant employer and the General Teamsters, Local 326, a labor organization. (Docket Item 1, pars. 5, 6 & 7).

2. That "[d]uring the period of plaintiff's lay-off from employment with defendant Wright Construction Company, and *more specifically from April of 1973 to August, 1973*, said defendant called to employment three white persons who was [sic] not on the list of employees with seniority, and not eligible for hire or recall prior to that of plaintiff." (Emphasis supplied) (Docket Item 1, par. 9).

3. That "[t]he defendant refused to recall the plaintiff to employment *during this period of his lay-off* and employed persons who are not within the class of race as plaintiff, and more specifically persons who are white citizens of the United States, and the State of Delaware who had not been employed by defendant prior to plaintiff and who have been employed by defendent employer for a period of time less than plaintiff, and persons who were not eligible for recall to employment prior to recalling plaintiff." (Emphasis supplied) (Docket Item 1, par. 10).

4. That "[o]n or about July 2, 1975, plaintiff filed an action for relief with the Equal Employment Opportunity Commission of the State of Delaware, and the Federal Baltimore Office, *charging the defendant discriminatorily discharged plaintiff from his employment on the basis of his race*, contrary and in violation if [sic] State and Federal Law." (Emphasis added) (Docket Item 1, par. 11).

The defendant in support of its summary judgment motion as to the Title VII claim contends:

1. The complaint alleges the specific period from December 1972 to August 1973 in which defendant purportedly discriminated against plaintiff.

2. Plaintiff does not allege that he invoked the appropriate administrative remedy within the required time limitation following the specific period during which the purported acts of discrimination occurred.

3. Invoking the appropriate administrative remedy following the alleged acts of discrimination is a jurisdictional requisite to the maintenance of a civil rights action under 42 U.S.C. § 2000e–5(f).

4. The plaintiff's failure to invoke such a remedy deprives this Court of jurisdiction under 42 U.S.C. § 2000e with respect to the alleged discriminatory acts which occurred during the period December 1972 to August 1973, the only specific acts alleged in the complaint.

■ It is well settled that the statutory period of 180 days for filing a complaint with EEOC provided in 42 U.S.C. § 2000e–5(e) [1] is a jurisdictional prerequisite to any subsequent civil action brought in a district court. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). Failure to comply with that time limitation bars a private litigant from maintaining a Title VII action. *Glus v. G. C. Murphy Co.*, 562 F.2d 880, 885 (C.A.3, 1977); *EEOC v. E. I. duPont de Nemours & Co.*, 516 F.2d 1297, 1299–1300 (C.A.3, 1975). In the case at bar, paragraph 9 of the complaint is specific in alleging that the discriminatory acts occurred from April 1973 to August 1973 and the complaint in paragraph 11 makes it perfectly clear that no charge of discrimination was filed with either the EEOC of Delaware or the Federal EEOC until July 2, 1975, some 22 months or 700 days later. Consequently, the Title VII claim alleged in the complaint is time barred by 42 U.S.C. § 2000e–5(e) and the Court is without jurisdiction to consider it.

Despite the specific factual allegations of the complaint which are accepted as true on the present motion, plaintiff argues that his failure to be recalled from lay-off was a "continuing violation." However, the complaint does not so allege, the finding of the EEOC did not so indicate, and more importantly plaintiff did not file an affidavit showing any such fact in opposition to defendant's summary judgment motion. Rule 56(e), F.R.Civ.P.

But even if the Court were to assume (without any factual basis whatsoever before it) that a continuing pattern of discrimination is alleged, the crucial issue which remains is whether there is an allegation of *any* unlawful employment practice within the 180-day period preceding July 2, 1975,[2] the date on which the plaintiff filed his charge of discrimination with the EEOC. Unless the EEOC charge was filed within 180 days after some unlawful em-

ployment practice, there is no "present violation" for Title VII purposes. As the Supreme Court said in *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977): "But the emphasis should not be placed on mere continuity; the critical question is whether any present *violation* exists." *See also Masco v. United Airlines*, 574 F.2d 1127 (C.A.3, 1978); *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 899 (C.A.3, 1977); *Carter v. Delta Air Lines, Inc.*, 441 F.Supp. 808, 811–12 (S.D.N.Y.1977). There is absolutely nothing before the Court alleging or indicating that the defendant committed a discriminatory act against plaintiff between January 3 and July 2, 1975 or that defendant recalled white persons for permanent employment on a regular basis who had less seniority than plaintiff during the 180 days preceding July 2, 1975. Accordingly, defendant's motion for summary judgment on the Title VII claim will be granted.

## II. The § 1981 Claim

■ Plaintiff has also asserted a claim of discriminatory employment practice based on 42 U.S.C. § 1981. (Docket Item 1, par. 4). But, the § 1981 claim is also barred. There is no federal statute of limitations for claims brought pursuant to § 1981. It is clear, however, that in such actions, the applicable period of limitations is that which the State court would apply if the action were brought in that forum under State law. *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1974). In this district it is well-settled that civil rights actions brought· under § 1981, based upon alleged discrimination in employment, are governed by the three-year statute of limitations found in 10 *Del.C.* § 8106. *Guilday v. Department of Justice*, 451 F.Supp. 717, 722 (D.Del.1978); *Marshall v. Electric Hose & Rubber Co.*, 68 F.R.D. 287, 293 (D.Del.1975).

1. 42 U.S.C. § 2000e–5(e) provides in relevant part:

"A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred . . . ."

2. 180 days before July 2, 1975 is January 3, 1975.

Plaintiff's complaint in this action was filed on February 24, 1978. Under the three-year limitations period provided in 10 *Del.C.* § 8106, any claims arising out of alleged discriminatory acts occurring prior to February 24, 1975 are barred.

As noted in the discussion above relating to the Title VII claim, the only discriminatory acts specifically alleged in the complaint occurred from April 1973 to August 1973 when the defendant recalled on a permanent basis three white persons who had less seniority than the plaintiff. Thus, the violations alleged, as clearly stated in the complaint and not otherwise disputed or modified by the plaintiff, occurred before August 1973 and this suit was not filed until more than four and one-half years thereafter. The Delaware statute of limitations began to run on plaintiff's § 1981 claim in August 1973 because he could have brought suit then or within three years after that date. Since he failed to do so, his § 1981 claim is barred and summary judgment will be entered in defendant's favor on this claim.

An Order will be entered in accordance with this Memorandum Opinion.