Diane SANK, Plaintiff–Appellant,

v.

THE CITY UNIVERSITY OF NEW YORK; Joseph S. Murphy; W. Ann Reynolds; James P. Murphy; The Board of Trustees of the City University of New York, As Constituted as of April 1988; Paul P. Baard, Blanche Bernstein, Sylvia Bloom, Maria Josefa Canino, Louis C. Cenci, Armand D'Angelo, Judah Gribetz, William R. Howard, Harold M. Jacobs, Flerida Negron, Robert L. Polk, Joaquin Rivera, J.D., Margaret A. Titone, Shirley Ullman Wedeen, Brenda Farrow White, and "John Doe" I Through X, (X Being A Number as Yet Undetermined Said Name Being Fictitious and Presently Unknown), and "Jane Doe" I Through X, (X Being A Number as Yet Undetermined Said Name Being Fictitious and Presently Unknown); and Gladys Carion, Michael J. Del Guidice, Edith B. Everett, Stanley Fink, Charles E. Innis, Jean C. Lamarre, Susan Moore Mourner, Abdallah Muhammad, Gregorio Mayers, Robert A. Picken, Calvin O. Pressley, Ronald Quartimon, Thomas Tam, and; The Board of Trustees of the City University of New York, as Constituted as of C. June and C. September 1989: The Board of Trustees of the City University of New York, as Con- stituted as of C. June and C. September 1990: The Board of Trustees of the City University of New York, as Constituted as of April 1991: The Board of Trustees of the City University of New York, as Constituted as of April 1992: Beverly Sowande; The City College of New York; Bernard W. Harleston, Anthony F. Rodriguez, Jeffrey J. Rosen, Carol Laderman, Fremont E. Besner, June Nash, The Commission on Human Rights of the City of New York, Dennis Deleon, Randolph ("Randy") Wills, Esq., Stephanie Orteleiva, Lizbeth Schalet, Defendants–Appellees.

No. 03–7677–CV(L), 03–7678–CV(CON).

United States Court of Appeals, Second Circuit.

Aug. 17, 2004.

Diane Sank, Englewood Cliffs, NJ, for Plaintiff–Appellant, pro se.

Robert H. Easton, State of New York, Office of the Attorney General, New York, NY, for Defendants–Appellees.

Present: POOLER, SACK, and RAGGI, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant, appearing *pro se,* challenges numerous rulings by the district court (Sweet, *J.*) in a case arising from her 1988 removal as chair of the anthropology department of the City College of New York ("CCNY"), a college of the City University of New York ("CUNY"), and the 1989 dismantling of her laboratory. After nine separate opinions were issued and a six-day bench trial was held on Sank's Title VII claims, all of her claims were dismissed. We conclude that all of her arguments on appeal are without merit. We, however, discuss in brief some of her contentions.

Reviewing *de novo* the district court's May 24, 1995 order pursuant to Fed. R.Civ.P. 12(b)(1) and 12(b)(6) dismissing Sank's section 1983 due process claim, *see Posr v. Court Officer Shield No. 207,* 180

F.3d 409, 413 (2d Cir.1999), and drawing all inferences in Sank's favor, *id.*, we conclude that, because these claims were premised on events occurring in 1988 and 1990 and Sank did not file suit until January 1994, her claims were barred by the 3–year New York statute of limitations to file a 42 U.S.C. § 1983 complaint. *See Owens v. Okure,* 488 U.S. 235, 251, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); McKinney's C.P.L.R. § 214. Sank has asserted no reason that is sufficient to toll the statute of limitations.

█ Reviewing *de novo* the district court's November 10, 1995 order pursuant to Fed.R.Civ.P. 12(b)(6) dismissing Sank's claims against the individual staff attorneys of the New York City Commission on Human Rights, we conclude that dismissal was appropriate because these defendants are absolutely immune from liability. When they issued a decision in Sank's case, they were acting completely within their prosecutorial capacity. *See Rudow v. City of N.Y.,* 822 F.2d 324, 327–28 (2d Cir.1987).

Reviewing *de novo* the district court's June 26, 1997 order dismissing Sank's remaining Title VII claims against individual CUNY defendants, we conclude that dismissal was appropriate because "under Title VII individual supervisors are not subject to liability." *Mandell v. County of Suffolk,* 316 F.3d 368, 377 (2d Cir.2003).

█ Reviewing *de novo* the district court's April 8, 2002 order granting summary judgment and dismissing Sank's contract claim against defendants CCNY and CUNY, *see Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003), we conclude that, because CUNY and its colleges are an "arm of the state," CUNY and CCNY are immune from Sank's breach of contract claims pursuant to the Eleventh Amendment. *See Clissuras v. City Univ. of N.Y.,* 359 F.3d 79, 83 (2d Cir.2004) (per curiam); U.S. Const. Amend. XI.

Reviewing the district court's April 12, 2002 discovery order for abuse of discretion, *see Independent Order of Foresters v. Donald, Lufkin & Jenrette, Inc.,* 157 F.3d 933, 937 (2d Cir.1998), we conclude that the district court acted well within its "wide discretion" when it deneid Sank's request for personnel information concerning 700 individual employees of CUNY. *In re Fitch, Inc.,* 330 F.3d 104, 108 (2d Cir. 2003), Sank had already received information regarding 297 individuals and did not sufficiently explain why the additional 700 names had not been included in her original discovery requests or demonstrate that further personnel disclosures were likely to produce evidence supportive of her claims. Under these circumstances, the district court could reasonably deny additional discovery as "unreasonabley cumulative or duplicative," as well as unduly burdensome relative to any likely benefit. *Id.;* Fed. R. Civ. P. 26(b)(2).

█ Sank alleges that the district court committed several errors or acted improperly during the six-day bench trial, held between September 30 and October 7, 2002. We dispose of these contentions as follows: *First,* the district court acted well within its discretion pursuant to Fed. R.Evid. 403 in denying Sank's request to introduce evidence about a change in school policy regarding academic advising that had not been pleaded in her complaint. *See Perry v. Ethan Allen, Inc.,* 115 F.3d 143, 150 (2d Cir.1997). *Second,* although during trial the court engaged in a short ex parte discussion with defense counsel regarding a procedural matter, because no decisions were made during this discussion, and the court immediately informed Sank when she returned that the conversation occurred and a record of the conversation was available, we conclude that this discussion did not affect the fairness of the trial and therefore does not

warrant a reversal. *See Robinson v. Cattaraugus County,* 147 F.3d 153, 164–65 (2d Cir.1998). *Third,* Sank's allegation that the district court was biased is not supported by the record. Instead, it is clear that the court afforded her every opportunity to fully prosecute her claims. *Fourth,* although the district court permitted her to call 22 of her 41 proposed witnesses, Sank complains that her witness list at trial was unduly restricted. We conclude that the district did not abuse its discretion in so limiting the number of witnesses at trial. Fed. R. Civ. P. 403; *cf. United States v. Holmes,* 44 F.3d 1150, 1157 (2d Cir.1995) (holding that, even in criminal cases where the defense right to present witnesses is constitutionally protected, a trial court has the discretion to limit the number of witnesses at trial in order "to exclude irrelevant, repetitive, or cumulative evidence.").

*Fifth,* we conclude that the district court did not commit clear error in holding that Sank failed to prove that her removal as chair of her department or the moving of her laboratory to a different part of the college violated Title VII. *Cosme v. Henderson,* 287 F.3d 152, 159 (2d Cir. 2002). The evidence at trial showed that Sank was removed pursuant to a recommendation from an outside review committee and that her laboratory was dismantled and relocated due to a need for space in the academic building. The court did not commit clear error in finding that defendants had submitted a legitimate nondiscriminatory explanation for these actions and that Sank had failed to show that these explanations were pretextual.

Reviewing the district court's April 7, 2003 order dismissing Sank's other retaliation claims premised on actions occurring after 1991, we conclude that dismissal was appropriate because (1) insofar as these claims were premised on retaliatory acts that were not alleged in the complaint, the district court did not abuse its discretion in refusing to permit Sank to amend her complaint to include these claims because these claims were raised late in the litigation and not until eight to eleven years after they occurred. *See Goss v. Revlon, Inc.,* 548 F.2d 405, 407 (2d Cir. 1976) (per curiam) (undue delay is an appropriate basis to deny a motion to amend the pleadings); (2) the remaining claims of retaliation were properly dismissed because Sank failed to make out a prima facie case that these acts were retaliatory employment actions or that defendants' explanation for these actions was pretextual.

We therefore AFFIRM.