[redacted]

**John DUTKA, Kevin Lafferty, and Douglas Knight, Plaintiffs,**

**v.**

**SOUTHERN RAILWAY COMPANY, Defendant.**

**Civ. A. No. C81–562A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Aug. 19, 1981.

[redacted]

James C. Carr, Jr., Atlanta, Ga., Bruce M. Bozick, Chicago, Ill., for plaintiffs.

Bert Derieux, Atlanta, Ga., F. Kennedy Hall, Macon, Ga., for defendant.

## ORDER OF COURT

HORACE T. WARD, District Judge.

This diversity action involves a collision between a train and an automobile occurring on April 14, 1979, in Houston County, Georgia. Plaintiffs were passengers in the automobile, and instituted this action against defendant on March 27, 1981. Currently before the court is plaintiffs' motion for leave to amend their complaint. Plain-

tiffs have also suggested that this matter be transferred to the Middle District of Georgia if venue in this district would be rendered improper by the requested amendment.

Plaintiffs' original complaint in this action named Southern Railway Company ("Southern") as defendant. By answer filed on April 17, 1981, Southern asserted, inter alia, that it was not connected with the incident from which this suit arose because it did not own the tracks, the train, or employ the crew involved in the collision. In subsequent discovery, plaintiffs found out that Georgia Southern and Florida Railway Company ("Georgia Southern") actually owned the train and employed the crew involved in the collision, and sought to amend the complaint to add or substitute Georgia Southern as a party defendant in this case. Plaintiffs also sought to have the amendment relate back to the date of the filing of the original complaint.

The court concludes that plaintiffs should be allowed to amend their complaint. Fed. R.Civ.P. 15(a) dictates that leave to amend "be freely given when justice so requires." Thus, in the absence of prejudice to the opposing party, leave to amend has generally been liberally allowed. *E.g., Thompson v. New York Life Insurance Company*, 644 F.2d 439 (5th Cir. 1981). In the case sub judice, there has been no showing that allowing plaintiffs to amend their complaint would be prejudicial to defendant. Thus, plaintiffs are hereby GRANTED leave to amend their complaint.

■ Allowing amendment of the complaint only partially resolves plaintiffs' dilemma. In order for the amended complaint to be effective, it must relate back to the date of the filing of the original complaint pursuant to the provisions of Fed.R. Civ.P. 15(c). Otherwise, plaintiffs' action against Georgia Southern would be barred by the two-year statute of limitations applicable to this cause. Rule 15(c) allows an amendment to relate back to the date of the original pleading, if the claim set forth in the amendment arises out of the same occurrence set forth in the original pleading.

An amendment changing a party can also relate back if, in addition to the foregoing requirement, the party to be brought in has sufficient notice of the institution of the action and knew or should have known that he is the proper party defendant. It has been stated that the purpose of Rule 15(c) is to prevent a statute of limitations from barring an action where the wrong party has been sued but where the correct party had sufficient notice of the commencement of the action. *See Bloomfield Mechanical Contracting, Inc. v. Occupational Safety and Health Review Commission*, 519 F.2d 1257 (3rd Cir. 1975). Generally, relation back under Rule 15(c) is liberally allowed if the requirements for application of the concept are met. *See, Staren v. American National Bank and Trust Company of Chicago*, 529 F.2d 1257 (7th Cir. 1976); *Williams v. United States*, 405 F.2d 234 (5th Cir. 1968).

■ The Fifth Circuit has enumerated the three requirements to be met if an amendment to a complaint is to relate back to the date of the filing of the original complaint pursuant to Rule 15(c). Those requirements are:

(1) "The claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading";

(2) "The party to be brought in by amendment . . . has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits"; and

(3) "The party to be brought in by amendment . . . knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

*Marks v. Prattco, Inc.*, 607 F.2d 1153 (5th Cir. 1979), *quoting* Fed.R.Civ.P. 15(c). *See also Kirk v. Cronvich*, 629 F.2d 404 (5th Cir. 1980). The court is of the opinion that the requirements for application of the doctrine of relation back pursuant to Rule 15(c) have been met in the case at bar. The claim

asserted against Georgia Southern clearly arose out of the occurrence set forth in the original complaint against Southern. Both claims relate to the collision occurring on April 14, 1979. Thus, there can be no question that the first requirement for application of the relation back doctrine has been met.

Despite defendant's contentions to the contrary, the court concludes that the party brought in by plaintiffs' amendment, Georgia Southern, had such notice of the commencement of the action that its defense will not be prejudiced. Plaintiffs have proffered evidence to the effect that Southern, the defendant named in the original complaint, owns all of the outstanding stock of Georgia Southern, the defendant brought in by amendment. Both companies have some of the same principal officers, and both are members of an association of affiliated railway companies known as Southern Railway System. Plaintiffs' evidence indicates that Southern Railway System maintains a claims division for its member companies and that the claims division was notified of the collision giving rise to this suit shortly after its occurrence. Further, the answer to this action filed on behalf of Southern, the original defendant, was signed by counsel who at times represents Georgia Southern.

It has been held in this circuit that Rule 15(c) does not require *actual* notice to be given to the party to be brought in by amendment. *Kirk v. Cronvich*, 629 F.2d 404 (5th Cir. 1980). Thus, constructive notice on such party would be sufficient. *See, Taliferro v. Costello*, 467 F.Supp. 33 (E.D. Pa.1979). In the case at bar, Georgia Southern at least had constructive notice of the institution of this action. In addition to the fact that its parent corporation was named as the original defendant, the claims division of the Southern Railway System, of which Georgia Southern is a member, was

notified of plaintiffs' claim as a result of the collision. Moreover, an answer was filed by counsel who represents Georgia Southern.[1] In sum, the court concludes that Georgia Southern had sufficient notice of the institution of this action so that its defense will not be prejudiced.

Having concluded that the first two requirements for the application of the relation back doctrine under Rule 15(c) have been met, the court must now determine whether the third requirement has been complied with. This inquiry must be answered in the affirmative. Georgia Southern knew that it owned the train and employed the crew that was involved in a collision giving rise to this action. Georgia Southern should therefore have known that but for the mistake involving the identity of the proper party, they would have been named as a defendant in this action. Thus, the court concludes that the third requirement of the three-part test for the application of the relation back doctrine under Rule 15(c) has been met.

The court has found that all three prerequisites for allowing the amendment to the complaint to relate back to the date that the original complaint was filed have been met in the case sub judice. Therefore, plaintiffs' claims against Georgia Southern relate back to the date that the original complaint was filed, and would not be barred by the applicable statute of limitations.

■■■ Defendant maintains that if an amendment is allowed to relate back to the date of the original complaint, plaintiffs should be allowed to substitute Georgia Southern as the defendant in this case rather than adding Georgia Southern as an additional defendant. Defendant contends that plaintiffs have offered nothing which would entitle them to relief against it, and that it has no connection with the collision

1. The fact that counsel is not representing Georgia Southern in this action is irrelevant for purposes of determining whether Georgia Southern had adequate notice of this action. The court is of the opinion that even though counsel has been retained by Southern in this action, he would still be considered an agent of Georgia Southern for purposes of the notice provisions of Rule 15(c). This conclusion is strengthened by the fact that Georgia Southern is a subsidiary of Southern.

involved in this case. Southern takes the position that it is a separate and distinct company from Georgia Southern, and that Georgia Southern would be a viable defendant in this case. Thus, defendant contends that Georgia Southern should be substituted as the defendant in this action, and Southern should be dismissed. Defendant's contentions in this regard are, in effect, a motion to dismiss for failure to state a claim against it. For purposes of such a motion, a complaint is to be liberally construed in favor of plaintiffs. *Jenkins v. McKeithen*, 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969); *Voter Information Project v. City of Baton Rouge*, 612 F.2d 208 (5th Cir. 1980). A motion to dismiss for failure to state a claim should not be granted unless it appears that plaintiffs can prove no set of facts which would entitle him to relief. *Jenkins v. McKeithen, supra; Dumas v. Town of Mt. Vernon, Alabama*, 612 F.2d 974 (5th Cir. 1980).

In the case sub judice, the court is of the opinion that Southern should not be dismissed from this action at this point in the litigation. Plaintiffs have asserted that they may be able to show liability on the part of Southern pursuant to an agency theory or by piercing the corporate veil. In view of this court's obligation to construe facts in a light most favorable to the plaintiffs, the court concludes that plaintiffs should be allowed to pursue discovery on their possible theories of liability against Southern. Defendant's contention that Rule 15(c) does not allow the addition of parties is without merit. *See Williams v. United States, supra; see also Welch v. Louisiana Power*, 466 F.2d 1344 at 1345, note 3 (5th Cir. 1972). Thus, Southern will not be dismissed as a defendant in this action and Georgia Southern will be added rather than substituted as a defendant. This holding is without prejudice to Southern's right to file a motion to dismiss at some subsequent point in this litigation.

Defendant has also asserted that this action should be transferred to the Middle District of Georgia. In this regard, defendants take the position that venue

cannot properly lie in this district pursuant to the provisions of 28 U.S.C. § 1391(a). That section provides as follows: "A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose." As all plaintiffs in this case do not reside in the same judicial district, this action would have to be transferred to the district where the cause arose unless it is found that all defendants reside in this district.

28 U.S.C. § 1391(c) defines the residence of a corporate defendant for purposes of venue. That section provides as follows: "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as a residence of such corporation for venue purposes." The Fifth Circuit has interpreted that section to mean that venue would be proper in *every* district of a state in which a defendant corporation is incorporated or licensed to do business. *See Davis v. Hill Engineering, Inc.*, 549 F.2d 314 (5th Cir. 1977), *rehearing en banc denied*, 554 F.2d 1065 (1977). As Georgia Southern is incorporated and Southern is licensed to do business in this state, they would both be deemed residents of this district pursuant to 28 U.S.C. § 1391(c) and *Davis*. Thus, venue in the Northern District of Georgia is proper.

Defendant also asserts that this action should be transferred to the Middle District of Georgia pursuant to the provisions of 28 U.S.C. § 1404 because that district would allegedly be a more convenient forum. In the absence of compelling circumstances, courts are generally reluctant to disturb a plaintiffs' choice of forum. *Tenneco Oil Company v. Environmental Protection Agency*, 592 F.2d 897 (5th Cir. 1979). The defendants burden in demonstrating the appropriateness of a transfer is a heavy one. *Reyno v. Piper Aircraft Company*, 630 F.2d 149 (3rd Cir. 1980). In the case sub judice, the defendant has not made

a showing of compelling circumstances sufficient to disturb plaintiffs' choice of forum. It has merely asserted that the accident occurred in the Middle District. Defendant's request to have this matter transferred to the Middle District pursuant to 28 U.S.C. § 1404 is DENIED. This holding is without prejudice to defendant's right to attempt to make a more compelling showing of the appropriateness of a transfer.

SO ORDERED.