**Loretta VINES, Plaintiff,**

v.

**ALABAMA BY–PRODUCTS, INC., a corp., and United Mine Workers of America, Local 9984; Cecil Nolan; J. W. West; Henry Mackam, Defendants.**

No. CV 81–M–1576.

United States District Court,
N. D. Alabama, S. D.

Dec. 11, 1981.

H. Jadd Fawwal, Bessemer, Ala., for plaintiff.

William F. Gardner, Cabaniss, Johnston, Gardner, Dumas & O'Neal, William E. Mitch, Cooper, Mitch & Crawford, Birmingham, Ala., for defendants.

## MEMORANDUM OPINION

McFADDEN, Chief Judge.

This is an action under Title VII, 42 U.S.C. § 2000e, et seq. The matter is before the court on motions for summary judgment by the three individual defendants who are the union president and two company supervisors. The charge, filed with the Equal Employment Opportunity Commission on September 25, 1978, was against Alabama By-Products (Maxine Mines) and United Mineworkers of America Local 9984. Nolan, West, and Marcum were not named as respondents. They are, however, referred to in the allegations of the charge along with several other people.

The statute authorizes a suit "against the respondent named in the charge." 42 U.S.C. 2000e–5(f)(1). The courts generally have not been receptive to joining an individual defendant when only an institutional defendant is named in the charge. Schlei and Grossman, *Employment Discrimination Law* 245 (Supp.1979). The courts have established a general rule that the plaintiff name as a respondent in his EEOC charge each party against whom he later asserts a Title VII claim. The Seventh Circuit has categorized the requirement as jurisdictional. *Williams v. Southern Bell Tel. & Tel. Co.*, 464 F.Supp. 367, 370 (S.D.Fla.1979). While some courts have recognized exceptions to the general rule, *Williams v. Massachusetts General Hospital*, 449 F.Supp. 55, 58 (D.Mass.1978), *Romero v. Union Pacific Railroad*, 615 F.2d 1303, 1311 (10th Cir. 1980), *Glus v. G. C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir. 1977), this court is of the opinion that the language in the statute is clear and unambiguous. It clearly states that a civil action may be brought against a respondent named in the EEOC charge. Exceptions which alter the meaning of the statutory language should not be lightly carved out. The facts in the cases which have allowed exceptions are quite different and distinguishable, even if the precedents were controlling. Absent a controlling nondistinguishable precedent from the Court of Appeals of this circuit, this court will not create an exception to the clear statutory language.

Accordingly, the court is of the opinion that the motions to dismiss are due to be granted.