Benjamin MANNING, Plaintiff,

v.

PENNSYLVANIA BUREAU OF COR-RECTION, et al., Defendants.

Civ. A. No. 82–0991.

United States District Court,
M.D. Pennsylvania.

Feb. 1, 1983.

Edward D. Reibman, Allentown, Pa., for plaintiff.

Gregory R. Neuhauser, Deputy Atty. Gen., Harrisburg, Pa., for defendants.

## MEMORANDUM

RAMBO, District Judge.

The plaintiff, Benjamin F. Manning, has filed a complaint against the Pennsylvania Bureau of Correction; Ronald J. Marks, Commissioner of the Pennsylvania Bureau of Correction; and Charles H. Zimmerman, Superintendent, State Correctional Institution at Huntingdon, Pennsylvania. The latter two have been sued in their official capacity only. The complaint alleges violation of plaintiff's rights under the fourteenth amendment to the United States Constitution; Title 42 of the United States Code, §§ 1981 and 1983; Title 42 of the United States Code, §§ 2000e *et seq.;* Article 1, § 26 of the Constitution of the Commonwealth of Pennsylvania; and the Pennsylvania Human Relations Act, 43 P.S. §§ 951 *et seq.* This court's jurisdiction over the federal claims is based on 42 U.S.C. § 2000e–5(f), 28 U.S.C. § 1331, and 28 U.S.C. § 1343. The state claims are alleged to be pendent to the federal claims for jurisdictional purposes.

The defendants have moved to dismiss the complaint for failure to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 12(b)(6). The standard in evaluating a motion under Rule 12(b)(6) was set out in *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Supreme Court said:

> in appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless

it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.* at 45–46, 78 S.Ct. at 101–102.

The plaintiff is an employee of the Pennsylvania Bureau of Correction. He alleges that he has been and continues to be discriminated against because of his race. The discrimination allegedly has been and continues to be with respect to the terms, wages, conditions, privileges, advantages and benefits of employment with the Bureau of Correction.

The defendants' motion seeks to have the claims under 42 U.S.C. §§ 1981 and 1983 dismissed because the Bureau is immune. The theory is that the Bureau as an agency of the Commonwealth is protected by the eleventh amendment to the United States Constitution unless the sovereign immunity is waived. The Commonwealth has specially not waived its immunity under the eleventh amendment. 42 Pa.Cons.Stat.Ann. § 8521(b).

▮ The United States Court of Appeals for the Third Circuit has dealt with this issue. In *Helfrich v. Commonwealth of Pennsylvania, Department of Military Affairs,* 660 F.2d 88 (3d Cir.1981), the Third Circuit said "The state's eleventh amendment immunity extends to the Department of Military Affairs and the home[1] because they are arms of the state." *Id.* at 90. *See Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978). The Bureau of Correction is an arm of the state and thus protected by the eleventh amendment. *See* 438 U.S. at 781, 98 S.Ct. at 3057 (Alabama Board of Corrections was a defendant in that suit).

The defendants Marks and Zimmerman are sued in their "official capacity only." The Third Circuit has also determined that the protection of the eleventh amendment extends to officials in their official capacity. 660 F.2d at 90. The *Per Curiam* opinion in *Helfrich* says, "Similarly, an award of *retroactive* monetary damages or back pay against the officials in their *official* capaci-

---

1. Pennsylvania Soldiers & Sailors Home.

ty is barred because it necessarily would be paid from the state treasury." *Id.* (emphasis in original)

The eleventh amendment protection does not, however, prevent certain types of relief from being granted under §§ 1981 and 1983. The Third Circuit said, "The eleventh amendment does not deprive the district court of jurisdiction to grant *prospective* equitable relief against appellee state officials. . . ." *Id.* (emphasis in original) The Circuit Court went on to say, "Moreover, the eleventh amendment does not insulate the state from an award of attorney fees under the Civil Rights Attorney Fees Act of 1976, 42 U.S.C. § 1988. *Hutto v. Finney,* 437 U.S. 678, 692–93 [98 S.Ct. 2565, 2574–2575, 57 L.Ed.2d 522] (1978)." *Id.* The conclusion of the court in *Helfrich* was that dismissal of the complaint in its entirety was an error. *Id.*

■ The plaintiff's claims for damages to the extent they are based on §§ 1981 and 1983 are barred by the eleventh amendment. The defendants' motion to dismiss will be granted to the extent that it seeks retroactive monetary relief.

■ The plaintiff's claims based on 42 U.S.C. § 2000e *et seq.,* are alleged by the defendants to be defective because jurisdiction over the persons of the defendants is improper. The defendants allegedly are not the ones named as respondents in the charge before the EEOC. A copy of the EEOC complaint is attached to the plaintiff's brief in opposition to this motion but was not included with the complaint. The complaint itself contains no allegation as to whom the respondents in the suit before the EEOC were. The failure to include in the present complaint the names of the parties who were named as respondents in the EEOC complaint is a defective pleading. Section 2000e–5(f)(1) requires that the respondents before the EEOC and the defendants in the court suit be the same. *See Harris v. Commonwealth of Pennsylvania,* 419 F.Supp. 10, 13 (M.D.Pa.1976). The plaintiff has the burden of alleging all the elements which create federal jurisdiction. Federal Rule of Civil Procedure 8(a)(1).

*See Tanzymore v. Bethlehem Steel Corp.,* 457 F.2d 1320, 1324 (3d Cir.1972). On the face of the complaint, which is all that can be considered when deciding a Rule 12(b)(2) motion, the plaintiff's complaint under § 2000e *et seq.* is defective. The defendants' motion to dismiss for lack of personal jurisdiction will be granted. *See Seligson v. Plum Tree, Inc.,* 350 F.Supp. 440, 441 (M.D.Pa.1972). The plaintiff will be given fifteen (15) days to file an amended complaint.

The defendants also allege that the claims under 42 U.S.C. § 2000e *et seq.* is insufficient to establish subject matter jurisdiction. The defendants assert that:

1. The complaint fails to show that charges of discrimination were filed with the Equal Employment Opportunity Commission (EEOC) within 180 days of the commission of the unfair employment practice. *See* 42 U.S.C. § 2000e–5(e).

2. The complaint fails to show that this suit was instituted within 90 days after the right-to-sue letter was received. *See* 42 U.S.C. § 2000e–5(f)(1).

■ The complaint does not specify when the alleged acts of discrimination occurred. It asserts only that the complaint before the EEOC was filed on April 2, 1974 and that the filing was within 180 days of the alleged discrimination. Without more specific information as to the timing of the alleged discriminatory acts, it is impossible to determine whether the 180 day time limit was complied with. The plaintiff will be given an opportunity to amend his complaint to correct the deficiency. *See Rotolo v. Borough of Charleroi,* 532 F.2d 920, 923 (3d Cir.1976).

■ As to the 90 day limitation, the complaint alleges that the right-to-sue letter was received "on or about June 19, 1982." The complaint in this case was filed on August 16, 1982. Those alleged facts are sufficient to show compliance with the 90 day limitation. The motion to dismiss on this point will be denied.

■ The defendants also argue that complaints under 42 U.S.C. § 2000e *et seq.* cannot be brought in regards to acts which occurred prior to March 24, 1972. *See* 42 U.S.C. § 2000e as amended by the Equal Employment Opportunity Act of 1972. Prior to the 1972 amendments, governments were not entities subject to suit under § 2000e. The 1972 amendments have only been applied prospectively. *Weise v. Syracuse University,* 522 F.2d 397, 410–11 (2d Cir.1975). Thus this court does not have personal jurisdiction over the defendants for any acts of discrimination committed prior to March 24, 1972.[2]

The plaintiff has alleged violation of the Pennsylvania Constitution, Article I, § 26 and of the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.* The argument for bringing these claims in federal court is that the state claims are pendent to a federal claim. It is not at this point clear what, if any, of the plaintiff's federal claims are viable. The prudent approach is to stay a decision on whether the state claims are pendent until the configuration of the federal claims becomes clear.

---

**2.** The plaintiff concedes this point. Plaintiff's brief in opposition to defendants' motion to    dismiss at p. 4.