**Robert N. DAVIS, Individually and on behalf of all others similarly situated, Plaintiff,**

v.

**BUFFALO PSYCHIATRIC CENTER; the New York State Office of Mental Health; the New York State Department of Mental Hygiene; and the New York State Office of Civil Service, Defendants.**

**No. CIV–81–458E.**

United States District Court,
W.D. New York.

Feb. 19, 1985.

Louis Steele, Buffalo, N.Y., for plaintiff.

Patrick O. McCormack, Asst. Atty. Gen., Buffalo, N.Y., for defendants.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

Plaintiff, an employee of the Buffalo Psychiatric Center, brings this class action lawsuit alleging employment discrimination due to his race and sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Civil Rights Act of 1866, 42 U.S.C. § 1982 and the "equal protection" clauses of the Federal and New York State Constitutions. The Complaint sets forth causes of action alleging discriminatory acts by defendants in hiring, assigning, promoting, training, disciplining, discharging and demoting, as well as retaliating against black and male workers. Plaintiff has moved pursuant to Fed.R. Civ.P. rule 23(c)(1) and Local Rule 8(c) for an Order determining that this action is maintainable as a class action with plaintiff designated as the representative of all black and male persons who are presently employed or might in the future be employed by defendants. Defendants have moved to dismiss the Complaint on numerous grounds including the statute of limitations, failure to exhaust administrative remedies, failure to state a claim and the Eleventh Amendment. Defendants also seek a stay of pre-trial discovery pending the determination of their motion.

Rule 8(c) of the Local Rules of Practice of this Court requires that a motion for class action certification be brought within 60 days of the filing of a complaint. Such did not occur in this case and no reason therefor, tenable or otherwise, has been advanced. As a consequence class action certification is being denied.

Plaintiff began his employment at the Buffalo Psychiatric Center ("BPC") in 1955 and presently holds the position of a Community Mental Health Nurse, Grade 19. BPC is a comprehensive community mental health service center and is part of and administered by defendant the New York State Office of Mental Health ("OMH"). Defendant the New York State Department of Mental Hygiene ("DMH") was the precursor agency to OMH and defendants state that BPC remains a component of DMH. Defendant the New York State Office of Civil Service ("OCS") is an agency of the Executive Branch of the government of the State of New York and among its responsibilities is the staffing of BPC. Plaintiff alleges that OCS works in conjunction with BPC, OMH and DMH to im-

plement and maintain the personnel policies at BPC.

Plaintiff states that, on at least two occasions (February 1976 and October 1977) he has been transferred from one program to another at BPC because he is a Black and a male. He also alleges that he was denied promotions in November 1975 and February 1977 due to impermissibly discriminatory reasons.

On or about July 29, 1976 plaintiff filed an individual employment discrimination charge with the Equal Employment Opportunity Commission ("the EEOC") alleging that he had been involuntarily assigned from BPC's Adolescent Unit to its Crisis Intervention Unit because of his race and his gender. On or about July 30, 1976 plaintiff filed similar charges with the New York's Division of Human Rights ("DHR"). Defendants point out that the only respondent was BPC and that no mention was made of discriminatory hiring, promotion, testing, training, disciplining, terminating or retaliation. On or about December 20, 1978 plaintiff amended his DHR complaint to add allegations concerning discrimination in more recent job assignments as well as in promotional examinations and promotions.

On March 6, 1980, after an investigation, DHR issued a determination dismissing plaintiff's charge of sex discrimination but finding that there was probable cause to believe that the claim of racial discrimination was valid. Conciliation efforts were then instituted. On March 2, 1981 the EEOC found there was no reasonable cause to believe plaintiff's charges and issued and mailed to plaintiff a Notice of Right to Sue. The EEOC's determination and Notice were received by plaintiff on March 7 or 8, 1981.[1] DHR determined April 23, 1981 that BPC had complied with a previously issued Order after Conciliation and that there was no reason to believe that plaintiff had been retaliated against for filing charges with DHR.

On June 5, 1981 plaintiff filed a pro se complaint against BPC with this Court. Thereafter plaintiff retained counsel and an Amended Complaint adding OMH, DMH and OCS was filed on or about January 18, 1982. The Amended Complaint contained allegations of numerous discriminatory practices that had not been included in the charges filed with the EEOC or DHR.

■ Defendants first assert that this Court lacks subject matter jurisdiction because plaintiff failed to initiate this action within the ninety-day period from receipt of the Notice of Right to Sue letter, as prescribed by 42 U.S.C. § 2000e–5(f)(1).[2] Defendants contend that March 7, 1981, the date that plaintiff received the letter, must be included in calculating the ninety-day period and therefore the last day timely to have commenced this action was on June 4, 1981. Defendants state that the ninety-day rule is mandatory and that this action must be dismissed inasmuch as it was commenced June 5, 1981. Although defendants' position that the date of receipt of the Right to Sue letter should be included in computing the period has been supported by two decisions—see *Melendez v. Singer-Friden Corp.*, 529 F.2d 321, 323 (10th Cir. 1976); *Bailey v. Boilermakers Local 667 of Intern. Broth.*, 480 F.Supp. 274, 282 (N.D.W.Va.1979)—the majority of courts that have addressed this issue have held that the date of receipt of the letter is to be omitted in making such computation. *See Prophet v. Armco*, 575 F.2d 579, 580 n. 1 (5th Cir.1978); *Dunlap v. Sears, Roebuck*

---

**1.** Although there is some dispute whether plaintiff actually "received" the Right to Sue letter on Saturday, March 7, 1981 or Sunday, March 8, 1981 this controversy is of no consequence since this Court finds this action to be timely even if the letter was received on the earlier date.

**2.** 42 U.S.C. § 2000e–5(f)(1) provides in part:
   "If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission * * * or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission * * * shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge * * *."

*& Co.,* 478 F.Supp. 610, 611 n. 2 (E.D.Pa. 1979); *Geronymo v. Joseph Horne Co.,* 440 F.Supp. 1157, 1159 (W.D.Pa.1977). This latter position is consistent with Fed. R.Civ.P. rule 6(a) which provides that the date from which any designated period begins to run shall not be included in computing any period of time prescribed by any applicable statute. Therefore this Court finds that the date of receipt of the Right to Sue letter is not to be included in computing the ninety-day limitations period and that the original Complaint was timely filed June 5, 1981. *Cf. Pearson v. Furno Const. Co.,* 563 F.2d 815, 819 (7th Cir.1977); *Hudson v. Teamsters Local Union No. 957,* 536 F.Supp. 1138 (S.D.Ohio 1982); *Jordan v. Lewis Grocer Co.,* 467 F.Supp. 113, 115 (N.D.Miss.1979) (Fed.R.Civ.P. rule 6(a) applicable in computing the ninety-day period under 42 U.S.C. § 2000e–5(f)(1)).

■ Defendants' next assertions, in their second affirmative defense, contain two separate grounds for dismissal of aspects of the Complaint. They first point to the requirement of a charge being brought to the EEOC against a party as a prerequisite to a later federal court action based on Title VII against such entity. *See Vines v. Alabama By-Products, Inc.,* 527 F.Supp. 1020 (N.D.Ala.1981). Defendants contend that BPC was the sole respondent before the EEOC and therefore the Title VII causes of action must be dismissed as to OMH, DMH and OCS. However defendants' position fails to take heed of the well-recognized exception to the general requirement regarding the presence of a party before the EEOC. "[W]here that party is indeed partially responsible for the acts of discrimination, or exercises sufficient control over the discriminating party, it may be considered as the mere 'alter ego' of the discriminating party, and the courts will assert jurisdiction over it as a proper party, regardless of plaintiff's failure to charge it before the EEOC." A. Larson, *Employment Discrimination,* § 49.42 (1983); *accord, Glus v. G.C. Murphy,* 562 F.2d 880 (3d Cir.1977); *Koster v. Chase Manhattan Bank,* 554 F.Supp. 285, 289 (S.D.N.Y.1983). A number of courts have allowed Title VII plaintiffs to join parties who were not charged before the EEOC as long as there exists a "substantial identity" between those named in the EEOC charge and the additional defendants. *See Women in City Govern. United v. City of New York,* 515 F.Supp. 295, 299 (S.D.N.Y.1981); *Gill v. Monroe County Dept. of Social Services,* 79 F.R.D. 316, 334 (W.D.N.Y. 1978). Defendants do not dispute the "identity of interest" among BPC and OMH and DMH but merely point to the fact that they are not "identical." *Defendants' Memorandum of Law,* at p. 16. While defendants state that OCS is a distinct entity with no "identity of interest" with BPC, OMH or DMH, plaintiff's allegations of OCS's role in the formulation and control of BPC's personnel policies are basically admitted by defendants' answer— *see Answer,* ¶ 8—and this Court could properly exercise jurisdiction over OCS despite the absence of prior charges against it before the EEOC. There exists a sufficient degree of control or "identity of interest" to withstand defendants' motion to dismiss on this technical ground.

■ Defendants' second affirmative defense also raises statute of limitations problems due to the fact that the original Complaint only named BPC as a defendant. Plaintiff relies on the "relation back" doctrine of Fed.R.Civ.P. rule 15(c) in arguing that the claims against the three added defendants are timely. An amended pleading adding a new party may relate back to the date of the original pleading for statute of limitations purposes where the new party has received timely notice of the institution of the action so as to not be prejudiced in maintaining his defense, and should have known that but for a mistake the action would have been brought against him. *See* Fed.R.Civ.P. rule 15(c); *Florence v. Krasucki,* 533 F.Supp. 1047, 1053 (W.D.N.Y. 1982). Plaintiff's failure to join OMH and DMH in his original pro se complaint reflected a narrow view of the causes of action available to him which would probably not have been taken by an attorney drafting a complaint. These two defend-

ants knew or should have known that their joinder was a distinct possibility and that their omission was due to the pro se nature of the original Complaint. *See Taliferro v. Costello,* 467 F.Supp. 33, 36 (E.D.Pa.1979). In addition, DMH was named, although apparently not prosecuted, as a party in plaintiff's original Complaint filed with the EEOC. In view of these factors I find that OMH and DMH received sufficient notification of the commencement of this action under either the "identity of interest" doctrine, *see Dutka v. Southern Ry. Co.,* 92 F.R.D. 375, 378 (N.D.Ga.1981); *Swann Oil, Inc. v. M/S Vassilis,* 91 F.R.D. 267, 269 (E.D.N.C.1981), or the agency doctrine that holds the notice requirement satisfied where the additional defendants are represented by the same attorney as the earlier defendant. *See Kirk v. Cronwich,* 629 F.2d 404, 408 (5th Cir.1980); *Florence v. Krasucki,* 533 F.Supp. 1047, 1054 (W.D.N.Y.1982). Inasmuch as neither the original Complaint before the EEOC nor the one filed with this Court mentioned OCS, this defendant had no reason to believe that its joinder was a distinct possibility and the Amended Complaint cannot be deemed to relate back regarding it. *See Hernandez Jiminez v. Calero Toledo,* 604 F.2d 99, 102–103 (1st Cir.1979). Although many of the claims in the Amended Complaint arise out of the same occurrences as do the claims in the original Complaint, plaintiff has failed to demonstrate that even if OCS had received notice or constructive notice of the lawsuit commenced June 5, 1981 such defendant knew or should have known that but for a mistake the action would have been brought against it. Therefore the Title VII allegations regarding OCS are untimely and shall be dismissed.

■ Defendants' third affirmative defense raises the statute of limitations regarding plaintiff's claims under 42 U.S.C. § 1981[3] and the equal protection clauses of the Federal[4] and the New York State Constitutions.[5] Defendants correctly state that these claims are governed by the three-year statute of limitations of section 214(2) of New York's Civil Practice Law and Rules (liability based on a statute). *See Keyse v. California Texas Oil Corp.,* 590 F.2d 45, 47 (2d Cir.1978); *Ervin v. Lanier,* 404 F.Supp. 15, 20 (E.D.N.Y.1975). However they ignore the fact that the Amended Complaint filed with DHR, the original pro se Complaint filed in this action and the Amended Complaint before this Court all set forth allegations of continuing unlawful discriminatory practices. Therefore plaintiff's constitutional and 42 U.S.C. § 1981 causes of action have not lapsed. "A continuously maintained illegal employment policy may be the subject of a valid complaint until a specified number of days after the *last occurrence* of an instance of that policy." *Acha v. Beame,* 570 F.2d 57, 65 (2d Cir.1978). Where the plaintiff alleges a continuous and present practice of discrimination, the statute of limitations is not a bar. *Ingrams v. Madison Square Garden Ctr., Inc.,* 482 F.Supp. 414, 423 (S.D.N.Y.1979).

Defendants' fourth affirmative defense seeks dismissal of plaintiff's Title VII claims that were not presented to the EEOC. The charges filed by plaintiff with the EEOC alleged racial and gender dis-

---

**3.** Section 1981 provides in part that "all persons within the jurisdiction of the United States shall have the same right * * * to make and enforce contracts * * * as is enjoyed by white citizens * * *." The section clearly applies to private acts of employment discrimination. *Johnson v. Railway Express Agency,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975).

**4.** The Fourteenth Amendment to the United States Constitution states in part that no State shall "deny to any person within its jurisdiction the equal protection of the laws * * *". The requirement of state action is satisfied where

the plaintiff alleging discrimination is an employee of the state. *See, e.g., Wood v. Mills,* 528 F.Supp. 321 (4th Cir.1975).

**5.** Article 1, § 11 of New York's Constitution provides:

"No person shall be denied the equal protection of the laws of this state or any subdivision thereof. No person shall, because of race, color, creed or religion, be subjected to any discrimination in his civil rights by any other person or by any firm, corporation, or institution, or by the state or any agency or subdivision of the state."

crimination in job promotions and assignment. These same allegations were repeated in the pro se Complaint. Defendant asserts that the additional allegations in the Amended Complaint such as those regarding hiring practices are beyond the scope of the charges filed before the EEOC and should be dismissed.

■ The general rule holds that the scope of subsequent civil Title VII litigation in federal court is defined and limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination. *Ostapowicz v. Johnson*, 541 F.2d 394 (3d Cir. 1976), *cert. denied*, 429 U.S. 1041, 97 S.Ct. 741, 50 L.Ed.2d 753 (1977). The complaint in the civil action may properly encompass any discrimination similar to or reasonably related to the charges filed with the EEOC. *Danner v. Phillips Petroleum*, 447 F.2d 159, 162 (5th Cir.1971). In the case at bar, plaintiff's individual claims of racial and gender discrimination regarding transfers, assignments, promotions, promotional opportunities and denial of a "performance advancement" in July 1981 in retaliation for his filing of administrative complaints were raised before the EEOC or are reasonably related to the previously filed charges. And, although allegations regarding discrimination against Blacks and males in hiring, initial assignments, harassment, disciplining, demoting and discharging employees by defendants were not raised charges before the EEOC, they are said to arise from the same types of discrimination as were complained of to the EEOC and can be asserted here.

■ Defendants' fifth affirmative defense raises the statute of limitations and lack of exhaustion defenses regarding the Title VII, 42 U.S.C. § 1981 and equal protection allegations in the Amended Complaint. The Court has rejected defendants' statute of limitations argument previously, except for the dismissed Title VII claims against OCS, and the issue of unexhausted claims has also been dealt with regarding the Title VII allegations. In addition, the exhaustion rule regarding a Title VII ac-

tion does not apply to a cause of action under 42 U.S.C. § 1981 where the plaintiff is entitled to bring claims which exceed the scope of the charges before the EEOC. *Alpha Portland Cement Company v. Reese*, 507 F.2d 607, 610 (5th Cir.1975).

■ The sixth affirmative defense restates the challenges to plaintiff's Title VII cause of action due to failure to exhaust administrative remedies. These grounds for dismissal have been adequately dealt with previously.

■ Defendants' seventh and eighth affirmative defenses assert that the Complaint fails to state a claim upon which the requested relief can be granted because defendants' decisions regarding plaintiff's job assignments and promotion were legitimate and in accordance with 42 U.S.C. § 2000e-2 *et seq.* The standard which governs the dismissal of a complaint under Fed.R.Civ.P. rule 12(b)(6) is that plaintiff's pleading should not be dismissed unless it appears certain that plaintiff is entitled to no relief under any facts which could be proven in support of the claim. *Lipsky v. Com. United Corp.*, 551 F.2d 887, 894 (2d Cir.1976). In view of this standard and the additional rule that the allegations of the Complaint must be taken as true for the purposes of a motion to dismiss—*see Cooper v. Pate*, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964)—this Court finds that the Complaint does set forth proper claims and that defendants' seventh and eighth affirmative defenses do not present grounds for dismissal. Similarly the ninth defense against raising Fed.R.Civ.P. rule 12(b)(6) because "defendants did not act in bad faith, were not deliberately indifferent, grossly negligent, nor did they personally know, acquiesce or participate in the alleged deprivation of the plaintiff's constitutional rights" must be rejected as a ground for dismissal in view of the Complaint's clear allegations of claims upon which relief can properly be granted.

■ The tenth and final affirmative defense states that the defendant state agencies may not be sued in federal court

for damages or declaratory or injunctive relief due to the Eleventh Amendment to the United States Constitution. It is clear that plaintiff's employment discrimination claims under Title VII, 42 U.S.C. § 2000e *et seq.*, are not barred by the Eleventh Amendment. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976), explained that the State sovereign immunity embodied in the Eleventh Amendment can be limited by Congress's enactment of appropriate legislation pursuant to the enforcement provisions of section 5 of the Fourteenth Amendment. The Court held that private Title VII federal lawsuits against states or state officials were not barred by the Eleventh Amendment. 427 U.S. at 455–456. However defendants correctly assert that plaintiff's section 1981 claim must be dismissed because a state and its agencies are not "persons" within the meaning of such section and therefore the named defendant agencies are not subject to suit regarding the section 1981 claim. *See United States v. State of South Carolina*, 445 F.Supp. 1094, 1100 (D.S.C.1977), *aff'd*, 434 U.S. 1026, 98 S.Ct. 756, 54 L.Ed.2d 775 (1976); *Percy v. Brennan*, 384 F.Supp. 800, 809 (S.D.N.Y.1974). Furthermore, the Eleventh Amendment bars plaintiff's claims based upon the Federal and New York State Constitutions. Plaintiff has not sought relief against any named official of the four state agency defendants so as to come within the purview of the "stripping doctrine" enunciated in *Ex parte Young*, 209 U.S. 123, 159–60, 28 S.Ct. 441, 453–54, 52 L.Ed. 714 (1908). In addition plaintiff has failed to demonstrate that the State of New York has waived its sovereign immmunity regarding these claims. *See Percy v. Brennan*, 384 F.Supp. 800, 809 (S.D. N.Y.1974). A waiver of sovereign immunity must be clearly expressed, and the waiver of immunity in section 8 of New York's Court of Claims Act has not been construed as consent by New York State to suits containing federally created claims. *Maloney v. State*, 3 N.Y.2d 356, 144 N.E.2d 364, 165 N.Y.S.2d 465 (1957). There is also no indication that New York has waived the protections of the Eleventh Amendment regarding plaintiff's State Constitution equal protection cause of action. *See Percy v. Brennan, supra,* at 809. Therefore plaintiff's claims based upon 42 U.S.C. § 1981 and the Federal and New York State Constitutions shall be dismissed.

It is hereby ORDERED that (a) plaintiff's motion for an Order certifying this action as a class action is denied, (b) defendant's motion to dismiss the Amended Complaint is denied except that (i) all allegations against defendant the New York State Office of Civil Service are dismissed, (ii) all allegations regarding causes of action under 42 U.S.C. § 1981 and the Federal and New York State Constitutions are stricken and (iii) all allegations not relevant to claims of racial or gender discrimination in violation of Title VII are dismissed and (c) the motion for a protective order staying pretrial discovery pending determination of their dismissal motion is denied as moot.