**Robert N. DAVIS, Individually and on behalf of all others similarly situated, Plaintiff,**

v.

**BUFFALO PSYCHIATRIC CENTER; the New York State Office of Mental Health; the New York State Department of Mental Hygiene; and the New York State Office of Civil Service, Defendants.**

**No. CIV–81–458E.**

United States District Court, W.D. New York.

June 6, 1985.

Memorandum and Order Sept. 30, 1985.

Lewis Steele, Buffalo, N.Y., for plaintiff.

Patrick O. McCormack, Asst. Atty. Gen., Buffalo, N.Y., for defendants.

ORDER

ELFVIN, District Judge.

In this employment discrimination action plaintiff's motion for class action certification had been denied by this Court February 20, 1985 as untimely under rule 8(c) of the Local Rules of Practice of this Court, 613 F.Supp. 462. Plaintiff now has moved for reconsideration of such decision. Having considered plaintiff's motion, counsel for defendants' acknowledgement June 3, 1984 that the prior motion had been timely made under said rule, and having reviewed the Complaint, Amended Complaint and class certification motion in question, it is hereby

ORDERED that this Court's Memorandum and Order in this action filed February 20, 1985 is vacated with respect to the denial of plaintiff's motion for class action

certification and that plaintiff shall have twenty (20) days from the entry of this Order in which to renew his motion for such certification.

## MEMORANDUM AND ORDER

In this action alleging discrimination in employment due to race and sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Civil Rights Act of 1866, 42 U.S.C. § 1981 and the "equal protection" clauses of the Federal and New York State Constitutions, plaintiff has moved for reconsideration of that aspect of this Court's February 20, 1985 Memorandum and Order which had dismissed his constitutional claims as well as his claim brought under 42 U.S.C. § 1981, 613 F.Supp. 462. His constitutional claims had been dismissed due to the defendant state agencies' immunity to suit in federal court pursuant to the Eleventh Amendment to the United States Constitution, which immunity had not been expressly waived regarding such claims. Plaintiff's section 1981 claim had been dismissed due to my finding that defendants had not been "persons" amenable to suit under such statute.

In seeking reconsideration of the dismissal of his claim under section 1981 plaintiff has submitted persuasive authority that, unlike under section 1983, a defendant state agency need not be found to be a "person" in order to be subject to suit under section 1981. *See Yarbrough v. Illinois Dept. of Mental Health*, 538 F.Supp. 414, 417 (N.D.Ill.1982); *Skyers v. Port Authority of N.Y. & N.J.*, 431 F.Supp. 79, 83–84 (S.D.N.Y.1976). "The reference to 'persons' contained in § 1981 describes those protected by the statute, and not those proscribed from its violation, as in § 1983." *Id.* at 83. However, such contention does not warrant reinstatement of plaintiff's claim under section 1981 inasmuch as a state and its agencies remain immune from suit premised upon such statute in federal court due to the Eleventh Amendment. *See Daisernia v. State of N.Y.*, 582 F.Supp. 792, 799–803 (N.D.N.Y. 1984); *Manning v. Pennsylvania Bureau of Correction*, 559 F.Supp. 220, 222 (M.D.

Pa.1983); *Henry v. Texas Tech University*, 466 F.Supp. 141, 146 (N.D.Tex.1979); *Gill v. Monroe County Dept. of Social Services*, 79 F.R.D. 316, 335 (W.D.N.Y.1978). Although plaintiff properly has argued that there is some indication that Congress had intended section 1981 to apply to state conduct—*see Daisernia v. State of N.Y., supra*, at 801–802—, the United States Supreme Court has held that unless Congress has indicated "in some way by clear language that the constitutional immunity was swept away" it would be improper to infer that Congress desired silently to deprive states of Eleventh Amendment immunity. *Employees v. Missouri Public Health Dept.*, 411 U.S. 279, 285, 93 S.Ct. 1614, 1618, 36 L.Ed.2d 251 (1973). *Quern v. Jordan*, 440 U.S. 332, 345, 99 S.Ct. 1139, 1147, 59 L.Ed.2d 358 (1979), held that in order to override state immunity Congress must have evidenced an unequivocal intent to do so in either the language of a statute or plainly evident legislative history.

Section 1981, like section 1983, had been enacted by Congress at a time when a restrictive view of federal power had prevailed. *See Daisernia v. State of N.Y., supra*, at 802–803. In the absence of any clear language or legislative history addressing the issue of Eleventh Amendment immunity this Court shall not find that Congress had intended to abrogate such privilege. *See also Rucker v. Higher Educational Aids Bd.*, 669 F.2d 1179, 1184 (7th Cir.1982); *Sessions v. Rusk State Hospital*, 648 F.2d 1066, 1069 (5th Cir.1981) (state agencies are immune from suit under section 1981 due to the Eleventh Amendment).

Finally, this Court has considered plaintiff's contentions regarding the dismissal of his federal and state constitutional claims and does not find that there exists any basis for alteration of my prior decision. Plaintiff has not adequately shown that Eleventh Amendment immunity has been overridden or that the State of New York has waived its immunity and has consented to be subject to suit in federal court regarding claims premised upon section 1981 or the "equal protection" clause of the Federal or New York Constitutions. As

recently explained in *Atascadero State Hosp. v. Scanlon,* —— U.S. ——, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985), "a State will be deemed to have waived its immunity 'only where stated "by the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction." ' " *Id.* at 3146 (quoting from *Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 1360, 39 L.Ed.2d 662 (1974)). In the instant action plaintiff simply has not established the state's waiver of its Eleventh Amendment protection or the abrogation of such immunity by appropriate legislation enacted by Congress pursuant to the enabling provision of the Fourteenth Amendment.

Accordingly, it is hereby ORDERED that plaintiff's motion for reconsideration of this Court's dismissal of his claims under 42 U.S.C. § 1981 and under the Federal and New York State Constitutions is denied.[1]

---

**1.** In opposition to plaintiff's motion defendants had submitted a brief entitled "Memorandum of Law in Opposition to Plaintiff's Motion to Amend and/or Alter the Order of This Court of February 20, 1985 and In Support of Defendant's [sic] Renewed Motion to Dismiss the Amended Complaint." Inasmuch as no such "Renewed Motion to Dismiss" or any other motion for reconsideration actually had been filed by defendants, the arguments set forth in such memorandum seeking dismissal of claims not addressed by plaintiff's motion have not been considered by this Court. Likewise, plaintiff's request to amend his Complaint to add certain persons as defendants in this individual and/or official capacities may be considered only upon the filing of a proper motion.