**Edward FITCH, Plaintiff,**

v.

**R.J. REYNOLDS TOBACCO, Defendant.**

**No. 86 CV 5830 (RJD).**

United States District Court,
S.D. New York.

Sept. 15, 1987.

Michael G. Considine, Emmet, Marvin & Martin, New York City, for plaintiff.

George M. MacDonald, Vedder, Price, Kaufman, Kamholz & Day, Washington, D.C., for defendant.

## MEMORANDUM ORDER

DARONCO, District Judge.

This case is before the Court upon a motion for leave to file an amended complaint.

On December 4, 1984, plaintiff filed a charge of discrimination with the E.E.O.C., alleging,

"I began an employment on November 26, 1973 as a Sales Representative and in 1974 became an Area Sales Representative. On August 24, 1984 without prior warning I was terminated by my Supervisor, Mr. Albert Perez, Division Manager.

Mr. Perez's reason for the above was for falsifying records.

I believe the Respondent retaliated against me because for previously filing charge number 021–84–0023 in violation of Title VII of the Civil Rights Act of 1964, as amended, for the following reasons:

1. As a result of an agreement with Respondent, I withdrew my previous charge. Respondent failed to keep their part of the agreement to transfer me to California.

2. Subsequently, my territory was changed, I received a lower work performance appraisal and I was falsely accused of falsifying company records and terminated.

3. I can only assume that as a result of the aforementioned I was retaliated against for previously filing a charge of employment discrimination."

Plaintiff amended the charge on June 12, 1985 to add racial discrimination stemming from allegedly disparate treatment. According to the charge, a Caucasian area sales representative, guilty of the same infraction charged to plaintiff, was allowed to continue until retirement in contrast to plaintiff's immediate dismissal.

The pro se complaint, filed after receipt of a right to sue letter from the E.E.O.C., alleges discrimination based on race and gender stemming from termination of employment and "retaliation." A copy of the discrimination charge also accompanied the pleading, which additionally related that an unemployment insurance hearing resulted in a finding that plaintiff had not falsified the records as had been charged. This finding was upheld on administrative appeal.

The proposed pleading recites the circumstances which preceded plaintiff's dismissal. In December 1975, plaintiff was promoted to area sales representative. In October 1983, plaintiff filed a charge of discrimination after learning from the division manager, Albert Perez, that he was being considered for transfer to the Harlem sales territory to replace a departing black sales representative. Thereafter, plaintiff met

with Perez and Ray Noonan, the regional sales manager, and requested a transfer to California. Noonan promised the transfer at plaintiff's expense, and plaintiff withdrew the charge of discrimination. After withdrawal of the charge, Perez transferred plaintiff to the Harlem Sales territory instead of Orchid Santiago, a Hispanic female hired at about the same time to replace the black sales representative in Harlem who had resigned.

In April 1984, Perez gave plaintiff the lowest overall performance evaluation he had ever received, and in May 1984, plaintiff was transferred to the South Bronx sales territory. Following this transfer, a Hispanic female replaced plaintiff in Harlem. In conclusion, plaintiff alleges a pattern of replacing white and black sales representatives with Hispanics.

The above allegations give rise to five claims for relief of which the first three defendant asserts are not covered in the December 1984 charge of discrimination. In the first claim, plaintiff asserts that defendant discriminated against him on the basis of race in the terms and conditions of his employment by transferring him to Harlem, thereby violating Title VII and 42 U.S.C. § 1981. The second claim charges gender based discrimination in violation of Title VII arising from defendant's failure to assign Orchid Santiago to Harlem instead of plaintiff. The gravamen of the third claim states,

"32. Upon information and belief, by refusing to transfer Fitch to California, RJR violated Title VII and 42 U.S.C. § 1981 by discriminating against Fitch on account of his race and retaliating against Fitch for filing his first EEOC complaint."

In response to defendant's contention that plaintiff has failed to follow administrative prerequisites to filing suit on the three claims, plaintiff argues that these claims were presented to the EEOC in the December 1984 charge and June 1985 amendment, or if not, that these claims are "reasonably related" to that charge, citing *Davis v. Buffalo Psychiatric Center*, 613 F.Supp. 462, 468 (W.D.N.Y.1985).

■ The charge and amendment do not contain any allegations apprising the reader of a claim premised upon sexual discrimination. *See Stallcop v. Kaiser Foundation Hospitals*, 820 F.2d 1044, 1051 (9th Cir. 1987). Concerning the transfer to Harlem and the failure to transfer to California, at best, both acts were referred to as acts of retaliation *for having* filed a previous charge of discrimination and not as acts of unlawful discrimination themselves.

"In some instances, a court may consider a claim that was not specifically raised in an EEOC complaint. However, this requires that the new allegation is sufficiently like or related to the EEOC claim that it would have been considered during the EEOC investigation. *See Smith v. American President Lines, Ltd.*, 571 F.2d 102, 107 n. 10 (2d Cir. 1978); *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir.1970)." *Russo v. Trifari, Krussman & Fishel, Inc.*, 659 F.Supp. 194, 198 (S.D.N.Y.1987); *Accord Williams v. Casey*, 657 F.Supp. 921, 925 (S.D.N.Y.1987) (citing Second Circuit cases).

The Court in *Davis, supra*, applied this standard stating,

"In the case at bar, plantiff's individual claims of racial and gender discrimination regarding transfers, assignments, promotions, promotional opportunities and denial of a 'performance advancement' in July 1981 in retaliation for his filing of administrative complaints were raised before the EEOC or are reasonably related to the previously filed charges. And, although allegations regarding discrimination against Blacks and males in hiring, initial assignments, harassment, disciplining, demoting and discharging employees by defendants were not raised charges before the EEOC, they are said to arise from the same types of discrimination as were complained of to the EEOC and can be asserted here."

In contrast, plaintiff's new claims do not arise from the same type of discrimination complained of to the EEOC. *The initial charge stated a claim for retaliation based*

upon the filing of a previous charge which is not before this Court. That charge alleged racial and sexual discrimination stemming from the transfer to Harlem. The June 1985 amendment alleged racial discrimination as between plaintiff and another employee guilty of the same misconduct, but assertedly treated more favorably. This charge did not apprise the defendant that earlier transfers would be the subject of the E.E.O.C.'s inquiry. The Court finds that the new claims are not reasonably related to the E.E.O.C. charge. *See Russo, supra; Bradley v. Consolidated Edison Co.,* 657 F.Supp. 197, 202–03 (S.D.N.Y. 1987); *Gilliard v. New York Public Library,* 597 F.Supp. 1069, 1979 (S.D.N.Y. 1984); *Grant v. Morgan Guaranty Trust Co.,* 548 F.Supp. 1189, 1191–92 (S.D.N.Y. 1982); *cf. Stewart v. United States I.N.S.,* 762 F.2d 193, 198 (2d Cir.1985).

■ The proposed first and third claims also cite 42 U.S.C. § 1981. Plaintiff contends that these otherwise time barred claims relate back to the original complaint pursuant to the pertinent language of Fed. R.Civ.P. 15(c):

> "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

The Court of Appeals has recognized that a claim under 42 U.S.C. § 1981 may relate back to the date of a complaint setting forth a Title VII claim based on the same facts. *Goss v. Revlon, Inc.,* 548 F.2d 405, 407 (2d Cir.1976) (per curiam); *Carter v. Delta Air Lines, Inc.,* 441 F.Supp. 808, 829 (S.D.N.Y.1977). Plaintiff argues that he "attempted" to set forth his claims in the original complaint. That pleading merely updated the attached E.E.O.C. papers by relating plaintiff's success in obtaining unemployment insurance after a hearing and appeal. Plaintiff's mere references to the transfer in territory and the failure to transfer to California were not the conduct, transaction, or occurrence set forth in the complaint. The event set forth was plaintiff's termination. See *Patterson*

*v. General Motors Corp.,* 631 F.2d 476, 486–87 (7th Cir.1980), *cert. denied,* 451 U.S. 914, 101 S.Ct. 1988, 68 L.Ed.2d 304 (1981); *Halpert v. Wertheim & Co.,* 81 F.R.D. 734, 735–36 (S.D.N.Y.1979); *see also Anderson v. Block,* 807 F.2d 145, 149 (8th Cir.1986). Accordingly, the claims premised upon § 1981 are time barred.

Based on the foregoing, plaintiff is granted leave to interpose his proposed amended complaint with paragraphs 25–33 stricken. The Court expresses no opinion upon the propriety of paragraphs 23 and 24 except that the parties are directed to read *University of Tennessee v. Elliott,* 478 U.S. 788, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986) prior to making any motion regarding the collateral estoppel effect of plaintiff's favorable unemployment insurance proceeding.

SO ORDERED.