

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-31-2006

# Rhymer v. Philip Morris Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2657

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Rhymer v. Philip Morris Inc" (2006). *2006 Decisions.* Paper 1690.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1690

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 05-2657

ROONEY RHYMER; HELGA RHYMER

v.

PHILIP MORRIS, INC.; BRITISH AMERICAN TOBACCO PLC

Rooney Rhymer,

Appellant

Appeal from the United States District Court
for the Virgin Islands
(V. I. No. 02-cv-00020)

Argued: December 8, 2005

Before: SCIRICA, <u>Chief Judge</u>, McKEE, <u>Circuit Judge</u>,
and NYGAARD, <u>Senior Circuit Judge</u>

(Opinion Filed: January 31, 2006)

GEORGE H. HODGE, JR., ESQ.  (Argued)
P.O. Box 803
St. Thomas, Virgin Islands 00804
<u>Attorney for Appellant</u>

ANTHONY UPSHAW, ESQ.
Adorno & Yoss, LLP
2525 Ponce de Leon Blvd.
Suite 400
Miami, Florida 33134
JOHN ZEBEDEE, ESQ.
Hymes & Zedebee PC
Emancipation Garden Station No. 10
Norre Garde, Third Floor

P.O. Box 990
Charlotte Amalie
St. Thomas, Virgin Islands 00804
Attorneys for Appellee, British American
Tobacco, PLC

SCOTT E. HERSHMAN, ESQ.
STEPHEN R. BLACKLOCKS, ESQ. (Argued)
Hunton & Williams LLP
200 Park Avenue
New York, New York 101166
HENRY L. FEUERZEIG, ESQ.
CHAD C. MESSIER, ESQ.
Dudley, Topper & Feuerzeig, LLP
Law House, 1A Frederiksburg Grade
St. Thomas, Virgin Islands 00802
Attorneys for Appellee, Philip Morris USA Inc.

OPINION

McKEE, Circuit Judge.

Rooney Rhymer appeals the district court's denial of his motion to file a second amended complaint. For the reasons that follow, we will affirm.

**I.**

Since we write primarily for the parties we need not reiterate the factual or procedural background of this case except insofar as may be helpful to our brief discussion.

Under the Federal Rules of Civil Procedure, a plaintiff is entitled to amend his complaint once; courts may grant subsequent amendments "when justice so requires." Fed. R. Civ. P. 15(a). Although the Rule states that leave to amend should be "freely

given," a district court has discretion to deny a request to amend if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party. *See, e.g. Grayson v. Mayview State Hosp*., 293 F.3d 103, 108 (3d Cir. 2002) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

Rhymer makes two arguments as to why the district court should have allowed a second amendment. First, he states:

> The court should have permitted the second amended complaint in view of the fact that plaintiff had relied in good faith on a theory of law in *Cipollone* [*v. Liggett Group, Inc.*, 668 F. Supp. 408 (D.N.J. 1987)], which is a widely recognized case in the Third Circuit. It was later affirmed by the U.S. Supreme Court. However, after the [summary judgment] motion hearing in the instant case plaintiff revisited *Cipollone* and realized for the first time that the jury did not award plaintiff damages on the misrepresentation/conspiracy claim. Thus that Noerr-Pennington exception recognized on in *Cipollone* at the trial court level had not been an issue on appeal.

Rhymer's Br. at 14-15. He further explains that, when he "became aware that the Noerr-Pennington doctrine recognized by the trial court in *Cipollone* was not a generally accepted principle of law, he immediately moved to amend the pleadings in the midst of argument before the court." *Id*. at 16.

Based on these statements, Rhymer's explanation for his delay in seeking to amend

3

his complaint is that he did not know that one of his claims was legally defective until that was pointed out in the course of argument on defendants' summary judgment motion. In light of this explanation, we cannot conclude that the district court abused its discretion in denying Rhymer's motion to amend. *See Cureton v. Nat'l Collegiate Athletic Assoc.*, 252 F.3d 267, 273 (2001) ("the question of undue delay requires that we focus on the movant's reasons for not amending sooner."). Indeed, as the Sixth Circuit stated in *Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 971 (6th Cir. 1974), where the court affirmed the district court's denial of plaintiff's motion to amend, "[a] misconception of the law is not an excuse for the late presentation of an alternative theory of recovery." Were the law otherwise, "[a] losing party can always argue in retrospect that he misconceived the law." *Id.*; *see also Goss v. Revlon, Inc.*, 548 F.2d 405, 407 (2d Cir. 1976) (district court did not abuse discretion in denying leave to amend when only excuse for delay was ignorance of the law).

While it is hard to imagine Phillip Morris and B&W facing extreme prejudice in this simple, single plaintiff case, we can not ignore that the case had been pending for over two and one half years before Rhymer moved to amend the complaint a second time. *See Cureton*, 252 F.3d at 273 (while the mere passage of time does not require a motion to amend a complaint to be denied on grounds of undue delay, delay may become undue when a movant has had previous opportunities to amend a complaint.). Moreover, Rhymer's motion came 16 months *after* the date set by the court to file amendments to

4

pleadings.  In addition, most discovery had been completed for at least two months by the time Rhymer moved to amend.

Rhymer's second argument is that, "[a]t no time did the court indicate that plaintiff acted with undue delay, in bad faith; had any dilatory motive; nor found prejudice to defendants.  Neither did the court indicate futility in allowing the amendment."  Rhymer's Br. at 16-17.  However, "[n]ot providing a justification for a denial of leave to amend . . . does not automatically constitute an abuse of discretion as long as the court's rationale is readily apparent from the record on appeal."  *Lake v. Arnold*, 232 F.3d 360, 373-74 (3d Cir. 2000).

Although the district court's reasons for its denial may not have been stated as artfully as possible, its rationale is readily apparent from the record.  The court explained that Rhymer's motion "comes too late in the proceedings," and the record demonstrates that the case was pending for a substantial amount of time, that a year had passed since the deadline for amending complaints, and that discovery was close to being complete.[1]

---

[1]Moreover, we believe that the district court concluded, that Rhymer's proposed amended complaint would be futile.  It said:

> Even if I were to allow. . . the plaintiff to amend to talk about an express warranty, there would be good taste and so forth, that's such a subjective issue that I'm not sure at all that it would amount to an express warranty, that even if it was an express warranty, it would be a kind of actionable warranty.

(JA74).

This time line, combined with Rhymer's stated reasons for asking to amend his complaint when he did, leads us to conclude that the trial court did not abuse its discretion in denying the motion to file a second amended complaint.

## II. CONCLUSION

For the above reasons, we will affirm the district court's denial of Rhymer's motion to file a second amended complaint.